**Myer PETTYJOHN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 28, 1994.

Permission to Appeal Denied by Supreme Court Sept. 12, 1994.

John H. Henderson, Dist. Public Defender, Franklin, for appellant.

Charles W. Burson, Atty. Gen., and Eugene J. Honea, Asst. Atty. Gen. of Tennessee, Nashville, and Joseph D. Baugh, Dist. Atty. Gen., Franklin, for appellee.

*OPINION*

TIPTON, Judge.

The appellant, Myer Pettyjohn, appeals as of right from the action of the Hickman County Circuit Court by which his second petition for post-conviction relief was denied because it was time-barred and raised grounds which were either previously determined or waived. The appellant was convicted of first degree murder in 1980 and sentenced to life in prison. The conviction was affirmed on direct appeal. *State v. Ernest Lee Archie and Myer Pettyjohn,* No. 81–96–III, Hickman Co. (Tenn.Crim.App., Sept. 22, 1982), *applic. denied* (Dec. 30, 1982). His first petition for post-conviction relief was denied and the denial was affirmed on appeal. *State v. Myer Pettyjohn,* No. 01C01–9006–CC–00139, Hickman Co., 1992 WL

50973 (Tenn.Crim.App., March 19, 1992), *applic. denied* (Aug. 31, 1992).

In this appeal, the underlying issue relates to whether or not the convicting court's jury instruction equating beyond a reasonable doubt with a "moral certainty" that the accused committed the offense violates due process. In this respect, the appellant asserts that (1) the United States Supreme Court held that the instruction violated due process in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) and *Sullivan v. Louisiana*, —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), (2) that these cases announce a new constitutional rule which is to be applied retroactively, (3) that the appellant could not assert the new rule at the time of his trial or previous post-conviction case, and (4) that, under the circumstances, use of the three-year statute of limitations in this case violates due process under *Burford v. State*, 845 S.W.2d 204 (Tenn.1992). In response, the state asserts that the jury instructions did not violate due process, that *Cage* and *Sullivan* did not announce a new rule to be applied retroactively, and that *Burford* should not be expanded so as to preclude the application of the statute of limitations in this case. Both parties have ably briefed these issues.

Obviously, the predicate issue from which all other issues flow is whether or not the instruction violates due process. In his petition, the appellant states that his jury was instructed as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof to constitute the offence [sic].
>
> (charge to the jury, transcript of evidence) (vol. 5, page 604, 605).
>
> It is not necessary that each particular fact should be proved beyond a reasonable doubt[ ] [i]f enough facts are proved to

satisfy the jury beyond a reasonable doubt, of all the facts necessary to constitute the crime charged. Before a verdict of guilty is justified that [sic] circumstances taken together must be of a conclusive nature and tendency, leading on the whole to satisfactory conclusion and producing in effect a "moral certainty" that the defendant committed the offence [sic].

> (charge to the jury, Transcript of evidence) (vol. 5, page 606).

We conclude that the instructions did not violate due process and sufficiently described the degree of doubt necessary for acquittal and the degree of proof necessary for conviction. This court has recently held similar instructions to be constitutionally appropriate. *State v. Glenn Hallock*, 875 S.W.2d 285, 294 (Tenn.Crim.App.1993); *State v. Gary Lee Blank*, No. 01C01–9105–CC–00139, Williamson Co., slip op. at 5–6, 1992 WL 35009 (Tenn.Crim.App., Feb. 26, 1992), *applic. dismissed* (May 4, 1992). As *Hallock* and *Blank* reflect, the particular wording of concern to the United States Supreme Court in *Cage* included the terms "grave uncertainty" and "actual substantial doubt," which were not contained in the instructions in this case. We note that the trial court in this case conducted a similar analysis and reached the same conclusion.

Since this case was argued, the United States Supreme Court rendered an opinion in two cases in which it analyzed the relationship of reasonable doubt to the "moral certainty" phrase. *Victor v. Nebraska* and *Sandoval v. California*, —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). The Court indicated that the phrase "moral certainty" may have lost its nineteenth century meaning relative to the level of certainty humanly attainable in matters relating to human affairs. It recognized that a modern jury, unaware of the historical meaning, might understand the phrase, in the abstract, to mean something less than the very high level of determination constitutionally required in criminal cases. However, although it expressed criticism of the continued use of the "moral certainty" phrase, the Court did not actually hold that it was constitutionally inappropriate, but looked to the full charge to the

jury to determine if the phrase was placed in such a context that a jury would understand that it meant certainty with respect to human affairs.

In the present case, the instructions told the jury that reasonable doubt did not include a "captious, possible, or imaginary doubt," but was one "engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt." Also, the instructions differentiated between "absolute certainty" and "moral certainty." We believe that these instructions sufficiently guided the jury to look to the evidence in the case and, in considering the evidence, sufficiently cast the standard for the degree of proof necessary to convict in terms of the level of certainty humanly attainable with respect to human affairs. That is, the instructions as a whole did not make it reasonably likely that the jury understood the words "moral certainty" either as suggesting a standard of proof lower than due process requires or as allowing conviction upon factors other than the evidence.

In determining that the instructions did not violate due process, we need not address the remaining issues. We hold that the trial court correctly dismissed the petition as barred by the three-year statute of limitations. T.C.A. § 40–30–102. The judgment is affirmed.

SCOTT, P.J., and SUMMERS, J., concur.