IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**JOE L. UTLEY v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 93-B-762 Seth Norman, Presiding Judge**

---

**No. M1999-00560-CCA-MR3-PC - Decided April 7, 2000**

---

Petitioner filed a petition for post-conviction relief that was subsequently denied by the post-conviction court. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J., delivered the opinion of the court, in which RILEY, J. and WITT, J. joined.

William A. Lane, Murfreesboro, Tennessee, for the appellant, Joe L. Utley.

Michael Moore, Solicitor General, Clinton J. Morgan, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, and Tom Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

JUDGE WOODALL delivered the opinion of the court.

Petitioner Joe L. Utley filed a petition for post-conviction relief in the Davidson County Criminal Court that was subsequently denied by the post-conviction court. Petitioner challenges the denial of his petition, raising the following issue: whether he received ineffective assistance of counsel during trial and on direct appeal. After a review of the record, we affirm the judgment of the post-conviction court.

**BACKGROUND**

On May 12, 1994, Petitioner was convicted of felony murder and especially aggravated robbery and he subsequently received concurrent sentences of life and twenty years. Thereafter, this Court affirmed Petitioner's convictions on direct appeal. State v. Utley, 928 S.W.2d 448 (Tenn. Crim. App. 1995), app. denied, (Tenn. May 13, 1996).

On January 30, 1997, Petitioner filed the instant petition. Following a hearing on August 27, 1997, the post-conviction court denied the petition without a written order. This Court subsequently

remanded this case to the post-conviction court to set forth written findings of fact and conclusions of law.  Joe L. Utley v. State, No. 01C01-9709-CR-00428, 1998 WL 846577 (Tenn. Crim. App., Nashville, Dec. 8, 1998).  The post-conviction court filed its written findings of fact and conclusions of law on May 19, 1999.

## ANALYSIS

Petitioner contends that he received ineffective assistance both at trial and on direct appeal.

Article I, Section 9 of the Tennessee Constitution provides "that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." Tenn. Const. art I, § 9.  Similarly, the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.  "These constitutional provisions afford to the accused in a criminal prosecution the right to effective assistance of counsel."  Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).  In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advise given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).  "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim."  Henley, 960 S.W.2d at 580.  "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component."  Id.

A petitioner has the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).  The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against those findings.  State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  However, the post-conviction court's application of the law to the facts is reviewed de novo without any presumption of correctness.  Id.  "[T]he issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact" and thus, our review of these issues is de novo.  Id. (citation omitted).

### A.

As a preliminary matter, we note that Petitioner has failed to include appropriate citations

to the record in his brief for any of the issues he raises, and we could treat the issues as waived for that reason. See Tenn. Ct. Crim. App. R. 10(b). Nevertheless, we will address the merits of the issues.

**B.**

First, Petitioner contends that he received ineffective assistance of counsel at trial because trial counsel failed to object to a "constitutionally infirm reasonable doubt jury instruction."

Initially, we note that Petitioner has failed to satisfy his burden of including a copy of the challenged jury instruction in the record, and we could treat this issue as waived for that reason. See State v. Ballard, 855 S.W.2d 557, 560–61 (Tenn. 1993). Further, Petitioner's brief contains only vague allusions as to the content of the jury instruction. Nevertheless, it appears from the post-conviction petition itself that Petitioner's complaint relates to an instruction with language substantially similar to the following:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every element of proof necessary to constitute the offense.

Tennessee courts have repeatedly upheld similar reasonable doubt instructions. In State v. Bush, 942 S.W.2d 489 (Tenn. 1997), the Tennessee Supreme Court held that the trial court did not err when it instructed the jury that

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every element of proof necessary to constitute the offense.

Id. at 520–21. Similarly, in State v. Nichols, 877 S.W.2d 722 (Tenn. 1994), the supreme court held that the trial court did not err when it instructed the jury that it must find proof "beyond a reasonable doubt" and be convinced to a "moral certainty" of the existence of the aggravating circumstances and of the fact that they outweighed the mitigating circumstances in conjunction with an instruction that "[r]easonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily upon the certainty of your verdict." Id. at 734. The supreme court stated that "[t]he context in which the instruction was given clearly conveyed the jury's responsibility to decide the verdict based on the facts and the law." Id. Further, in Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994), this Court held that the trial court did not err when it instructed the jury that

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral

certainty is required, and this certainty is required as to every proposition of proof to constitute the offence [sic].

It is not necessary that each particular fact should be proved beyond a reasonable doubt[ ] [i]f enough facts are proved to satisfy the jury beyond a reasonable doubt, of all the facts necessary to constitute the crime charged. Before a verdict of guilty is justified that [sic] circumstances taken together must be of a conclusive nature and tendency, leading on the whole to satisfactory conclusion and producing in effect a "moral certainty" that the defendant committed the offence [sic].

Id. at 365–66.

Clearly, any objection to the reasonable doubt jury instruction would have had no merit. Thus, we conclude that trial counsel was not deficient in failing to object to the instruction and Petitioner was not prejudiced by counsel's failure to make an objection that had no merit. Petitioner is not entitled to relief on this issue.

**C.**

Second, Petitioner contends that he received ineffective assistance of counsel at trial because trial counsel failed to obtain a copy of a juvenile court transfer hearing transcript in order to impeach a prosecution witness.

Petitioner's trial counsel testified during the post-conviction hearing that he made an effort to secure the transcript of the transfer hearing as soon as he learned that it might be favorable to the defense, but he discovered that the tapes of the hearing had been destroyed before a transcript could be made. The post-conviction court found that trial counsel was not deficient in failing to obtain a transcript that did not exist.

The record does not preponderate against the post-conviction court's finding that trial counsel could not have obtained a transcript of the transfer hearing because the tapes of the hearing had been destroyed. We agree with the post-conviction court that trial counsel was not deficient in failing to obtain evidence that did not exist. Moreover, we note that other than making a conclusory statement that the transcript would have been valuable for impeachment purposes because it contained the testimony of a prosecution witness that was different than the testimony the witness provided at trial, Petitioner has failed to identify the content of the testimony and has failed to explain how it differed from the testimony at trial. Thus, we are unable to determine whether the transcript would have had any value or not. In short, Petitioner has failed to show that he was prejudiced by the absence of a transcript. Petitioner is not entitled to relief on this issue.

**D.**

Third, Petitioner contends that he received ineffective assistance of counsel on direct appeal because appellate counsel failed to include a transcript of a suppression hearing in the record on direct appeal.

On direct appeal in this Court, Petitioner argued that the trial court erred when it refused to suppress two witnesses' identifications of Petitioner. However, this Court held that it was unable to address the issue because Petitioner had failed to include the transcript of the suppression hearing in the record. Utley, 928 S.W.2d at 453.

Petitioner's appellate counsel testified during the post-conviction hearing that when he ordered the record on direct appeal, he assumed that the transcript of the suppression hearing would be included. However, appellate counsel testified that when he discovered that the transcript was not included in the record, he decided that it would not be in Petitioner's best interest to delay the appeal in order to supplement the record because he believed that there was no chance of prevailing on the suppression issue. The post-conviction court found that even if appellate counsel's tactical decision amounted to deficient representation, Petitioner was not prejudiced by it.

We conclude that Petitioner has failed to establish that he received ineffective assistance of counsel in this regard because he has failed to satisfy his burden of showing that he was prejudiced by any deficiency in failing to include the transcript in the record on direct appeal. Petitioner is correct that the failure to include the transcript in the record on direct appeal prevented this Court from reviewing the suppression issue. However, Petitioner has failed to establish, or even argue, that the result of his direct appeal would have been any different if the transcript had been included. Indeed, Petitioner has failed to identify a single portion of the transcript that would have supported his argument that the identifications should have been suppressed. Moreover, Petitioner has failed to identify any legal basis for suppressing the identifications. In fact, Petitioner has made no effort whatsoever to show that he would have prevailed on the suppression issue if the transcript had been included in the record. Quite simply, Petitioner has failed to show that there is a reasonable probability that if the transcript of the suppression hearing had been included in the record on direct appeal, the result of the proceeding would have been different. Petitioner is not entitled to relief on this issue.

**E.**

Finally, Petitioner contends that he received ineffective assistance of counsel on direct appeal because appellate counsel failed to include a challenge to the sufficiency of the evidence for his felony murder conviction and a challenge to the constitutionality of the felony murder statute in his Rule 11 application for permission to appeal to the Tennessee Supreme Court.

Petitioner's appellate counsel testified during the post-conviction hearing that although he raised these two issues in this Court on direct appeal, he made a tactical decision not to raise them in the Rule 11 application. Appellate counsel testified that he was of the opinion that these two issues had no merit, and he did not want to "lesson[ his] credibility" by raising these issues and therefore reducing the chance of prevailing on another issue that he believed was valid.

The Tennessee Supreme Court has stated that "there is no constitutional requirement that an attorney argue every issue on appeal." Campbell v. State, 904 S.W.2d 594, 596–97 (Tenn. 1995). "Generally, the determination of which issues to present on appeal is a matter which addresses itself

to the professional judgment and sound discretion of appellate counsel." Id. at 597. Moreover, the determination of which issues to raise on appeal can be characterized as a tactical or strategic choice, which should not be second guessed on appeal, and a petitioner must establish both deficient performance and resulting prejudice in order to establish ineffective assistance of counsel in this regard. Id.

The decision of Petitioner's appellate counsel to only include the one issue that he believed was meritorious in the Rule 11 application appears to be a tactical decision that should not be second guessed. However, assuming for the sake of argument that appellate counsel's performance was deficient in this regard, Petitioner has failed to establish that he was prejudiced as a result.

Petitioner has failed to show that he was prejudiced by the failure to include a challenge to the sufficiency of the evidence in the Rule 11 application. Indeed, this Court held on direct appeal that Petitioner's challenge to the sufficiency of the evidence was completely misguided and regardless, the evidence was sufficient to support the conviction for felony murder. Utley, 928 S.W.2d at 451. Petitioner has failed to identify any basis upon which the Tennessee Supreme Court could have reversed the decision of this Court on that issue. In fact, Petitioner has not even alleged in his brief that the evidence was insufficient to support his conviction. In short, Petitioner has failed to satisfy his burden of showing that there is a reasonable probability that the result of the proceeding would have been different in the absence of this alleged deficiency.

Petitioner has also failed to show that he was prejudiced by the failure to include a challenge to the constitutionality of the felony murder statute in the Rule 11 application. Indeed, this Court noted on direct appeal that such a challenge had no merit because the Tennessee Supreme Court had already addressed the issue and found that the statute is constitutional. Id. at 453 (citing State v. Walker, 893 S.W.2d 429 (Tenn. 1995)). It is extremely unlikely that the supreme court would have granted permission to appeal the precise issue that it had just recently addressed. In short, Petitioner has failed to satisfy his burden of showing that there is a reasonable probability that the result of the proceeding would have been different in the absence of this alleged deficiency. Petitioner is not entitled to relief on this issue.

**CONCLUSION**

In conclusion, we hold that Petitioner has failed to satisfy his burden of showing that there is a reasonable probability that the result of his case would have been different in the absence of the alleged deficiencies of his counsel. In fact, he has made little effort to do so. Accordingly, the judgment of the post-conviction court is AFFIRMED.

Woodall, J.
Riley, J.
Witt, J.

-6-