# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### JUNE SESSION, 1996



**FILED**

September 13, 1996

**Cecil W. Crowson**
Appellate Court Clerk

FRANK GLENN HALL,         )
                                  )
        Appellant          )
                                  )
vs.                           )
                                  )
**DAVID MILLS, WARDEN, and**  **)**
**STATE OF TENNESSEE**,      )
                                  )
        Appellees         )

No. 01C01-9510-CC-00352

HICKMAN COUNTY

Hon. Cornelia A. Clark, Judge

(Habeas Corpus)

---

For the Appellant:

Frank Glenn Hall, Pro Se
Turney Center Ind. Prison
Route No. 1
Only, TN   37140-9709

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Cyril V. Fraser
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Ronald Davis
Asst. District Attorney General
P. O. Box 937
Franklin, TN  37065-0619

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Frank Glenn Hall, appeals as of right from the Hickman County Circuit Court's denial of his application for writ of habeas corpus.[1] He is currently confined at the Turney Center facility of the Department of Correction where he is serving a fifty year sentence for ten armed robbery convictions. The appellant's convictions, resulting from a jury verdict in Rutherford County, were affirmed by this court on appeal. State v. Frank Glenn Hall, No. 88-186-III, (Tenn. Crim. App. at Nashville, Feb. 9, 1989). In February, 1992, the appellant petitioned for post-conviction relief claiming ineffectiveness of trial counsel. The Rutherford County Criminal Court denied the appellant's claim for post-conviction relief. This dismissal was affirmed by this court. Frank Glenn Hall v. State, No. 01C01-9205-CC-00157 (Tenn. Crim. App., Sept. 8, 1992). A motion to reconsider was filed, but was denied by this court as being "too late to entertain." On August 25, 1993, the appellant sought an application for extraordinary appeal pursuant to Rule 10, Tenn. R. App. P. This court denied the appellant's request on September 22, 1993. Almost two years later, on July 14, 1995, the appellant filed the instant petition for writ of habeas corpus. The Hickman County Circuit Court dismissed the appellant's petition, finding that it failed to state a cognizable claim for habeas corpus relief. The appellant now contests this dismissal.

The appellant contends that his convictions are void for two reasons (1) the trial court's instruction on the definition of "reasonable doubt" was erroneous, and (2) he received ineffective assistance of appellate counsel. The trial court dismissed the appellant's petition for habeas corpus relief finding these grounds

---

[1]This case originally styled, State of Tennessee, ex rel, Frank Glenn Hall vs. David Mills, Warden, was initially filed in the Court of Appeals, Middle Section. It was properly transferred to the Court of Criminal Appeals and the caption has been restyled to correctly reflect the nature of the proceedings.

insufficient to void the appellant's convictions.

In Tennessee, habeas corpus relief is <u>only</u> available when a conviction is <u>void</u> because the convicting court was without jurisdiction or authority to sentence a defendant, <u>or</u> that a defendant's sentence has <u>expired</u> and he is being illegally restrained. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). In distinguishing habeas corpus relief from post-conviction relief, this court in <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), held that:

> If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief. Conversely, if the face of the record reveals that the court did not have personal and subject matter jurisdiction, or the authority to make the challenged judgment, the judgment is void.

Initially, we note that an allegation of an erroneous jury instruction will not sustain an action for habeas corpus relief. <u>See</u> <u>Voss v. Raney</u>, No. 02C01-9501-CC-00022 (Tenn. Crim. App. at Jackson, Aug. 2, 1995), <u>perm. to appeal denied</u>, (Tenn. Nov. 20, 1995); <u>Thornton v. Raney</u>, No. 02C01-9302-CC-0025 (Tenn. Crim. App. at Jackson, January 26, 1994), <u>perm. to appeal denied</u>, (Tenn. May 23, 1994). Furthermore, our courts have consistently upheld the challenged reasonable doubt instruction as constitutionally valid. <u>See, e.g.</u>, <u>State v. Nichols</u>, 877 S.W.2d 722, 734 (Tenn. 1994), <u>cert denied</u>, __U.S. __, 115 S.Ct. 909 (1995); <u>Pettyjohn v. State</u>, 885 S.W.2d 364 (Tenn. Crim. App.), <u>perm. to app. denied</u>, (Tenn. 1994); <u>State v. Beckham</u>, No. 02C01-9405-CR-00107 (Tenn. Crim. App. at Jackson, Sept. 27, 1995); <u>State v. Voaden</u>, No. 01C01-9305-CC-00151 (Tenn. Crim. App. at Nashville, Dec. 22, 1994), <u>perm. to appeal denied</u>, (Tenn. May 1, 1995). Accordingly, this issue is without merit.

Concerning the appellant's second issue, alleging ineffective assistance of appellant counsel, the trial court found (1) lack of subject matter jurisdiction in that the petition was not filed in the county of conviction and (2) it is time barred.

We agree with these findings. Tenn. Code Ann. § 40-30-103(a) (1994 Supp.) (repealed 1995) requires that a petition for post-conviction relief be brought in the county of conviction. The petition was filed in Hickman County, however, the appellant's conviction originates in Rutherford County. Thus, the trial court did not have subject matter jurisdiction over the petition. Moreover, the record establishes that the appellant's judgments of conviction became final on February 9, 1989. The appellant's claim, although cognizable for <u>post-conviction</u> purposes, is nonetheless time barred as it was filed outside the applicable three year statute of limitations period. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). Additionally, this issue is waived because it could have been presented in the appellant's first petition for post-conviction relief filed in 1992. <u>See</u> Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995); Tenn. Code Ann. § 40-30-112 (1990) (repealed 1995). Accordingly, this issue is also without merit.

For the foregoing reasons, the judgment of the trial court dismissing the appellant's application for writ of habeas corpus is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
WILLIAM M. BARKER, Judge