# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY 1997 SESSION


FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **MAURICE BOOKER,** | ) |
| | ) C.C.A. No. 01C01-9606-CC-00271 |
| Appellant, | ) |
| | ) Williamson County |
| V. | ) |
| | ) Honorable Donald P. Harris, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

John H. Henderson
District Public Defender

C. Diane Crosier
Assistant District Public Defender
407-C Main Street
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Derek K. Smith
Assistant District Attorney General
Williamson County Courthouse, Suite G-6
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

The appellant, Maurice Booker, was convicted of the sale of cocaine and conspiracy to sell or deliver cocaine. He received an effective sentence of twenty years. The appellant filed a petition for post-conviction relief alleging that the reasonable doubt instruction used at his trial was unconstitutional. After a hearing, his petition was denied. He appeals challenging the constitutionality of the reasonable doubt jury instruction. Upon review, we affirm.

The appellant contends that the trial court's reasonable doubt jury instruction violated his constitutional rights. The jury instruction at issue reads as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense.

The appellant alleges that this instruction unconstitutionally lowers the state's burden of proving every element of the offense beyond a reasonable doubt. Specifically, he avers that the language "let the mind rest easily" and "moral certainty" taken together suggest to a reasonable juror a lower burden of proof than what is constitutionally required. In support of his argument, the appellant cites Rickman v. Dutton, 864 F. Supp. 686 (M.D. Tenn. 1994). In Rickman, the U.S. District Court for the Middle District of Tennessee found a similar reasonable doubt instruction unconstitutional.

The Court first points out that it is not bound by rulings of the lower federal courts or those of sister states. State v. Jones, 598 S.W.2d 209 (Tenn. 1980). Moreover, this Court and the Tennessee Supreme Court have specifically addressed and upheld the constitutionality of very similar reasonable doubt instructions. State v. Nichols, 877 S.W.2d 722 (Tenn. 1994); Pettyjohn v. State,

885 S.W.2d 364, 365 (Tenn. Crim. App. 1994).  We find that the reasonable doubt instruction given at the appellant's trial properly reflects the evidentiary certainty required by the state and federal constitutions.  The instruction clearly conveyed the jury's responsibility to decide the verdict based on the facts and the law.  The appellant's contention is without merit.  The judgment dismissing his petition is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge



_____
JERRY L. SMITH, Judge