# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1997

| | | |
|---|---|---|
| RICKY TUCKER, | ) | No. 02C01-9606-CR-00196 |
| **Appellant** | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. W. FRED AXLEY, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| **Appellee** | ) | |

FILED

July 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

**RICKY TUCKER**, *Pro Se*
Register Number 99302
Rt. 1, Box 330
Tiptonville, TN  38079-9775

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**ALANDA HORNE**
Asst. District Attorney General
Criminal Justice Complex
Suite 301
201 Poplar Street
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

OPINION


The appellant, Ricky Tucker, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief. The appellant asserts that the trial court's jury instruction on reasonable doubt was unconstitutional.


After a review of the record, we affirm the trial court's judgment.


The appellant contends that the reasonable doubt instruction provided by the trial court is constitutionally invalid due to the use of the term "moral certainty" combined with the "mind rest easy" language. He argues that these phrases together could have allowed a reasonable juror to find him guilty based on a lower standard of proof than that required for guilt beyond a reasonable doubt. Although the Tennessee Supreme Court has recently held such jury charges to be constitutional, the appellant argues that those decisions do not apply to his case because the court did not specifically address the "mind rest easy" phrase. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994) and Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994). This argument, however, is erroneous. In Nichols, the Tennessee Supreme Court held constitutionally valid an instruction which allowed "moral certainty" to be considered in conjunction with an instruction that "[r]easonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the *mind rest easily* upon the certainty of your verdict," Id. (emphasis added). The appellate courts of this state have repeatedly found this jury instruction constitutionally valid. See State v. Sexton, 917 S.W.2d 263, 265-266 (Tenn. Crim. App. 1995) and Covington v. State, No. 01C01-9606-CC-00250 (Tenn. Crim. App. at Nashville, Sept. 30, 1996). This claim is without merit.


2

Therefore, we affirm the trial court's decision.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
WILLIAM M. BARKER, Judge