# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

JOHN WILLIAMS,                          )
                                        )
    Petitioner,                         )  C. C. A. NO. 02C01-9704-CC-00148
                                        )
vs.                                     )  MADISON COUNTY
                                        )
STATE OF TENNESSEE,                     )  No. C-96-99
                                        )
    Respondent.                         )

**FILED**

**August 27, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this matter by order rather than formal opinion. This case represents an appeal from the dismissal of the petitioner's second petition for post-conviction relief. The petitioner was originally convicted of first degree murder in 1988. This court affirmed the conviction, State v. Jeff Leon Walker and John Harold Williams, No. 10 (Tenn. Crim. App., at Jackson, Oct. 17, 1990), and the Supreme Court denied application for permission to appeal. Thereafter, the petitioner filed his first petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court's dismissal of that petition was affirmed by this Court, State v. John Harold Williams, No. 02C01-9211-CC-00255 (Tenn. Crim. App., at Jackson, Dec. 22, 1993), and the Supreme Court denied application for permission to appeal.

In his second petition for post-conviction relief, the petitioner alleged that the jury instruction on reasonable doubt given during his trial was unconstitutional. After appointing counsel and holding a hearing, the trial court dismissed the petition, stating that "[t]he petitioner has had a previous post conviction petition which was denied," and that "[t]his instruction is and has been continually upheld as constitutional by the Court[s] of this State." We agree. Although a copy of the instruction is not included in the record, thereby precluding the Court from conducting an adequate

review of the sole issue raised on appeal, the petitioner apparently claims that the "moral certainty" language of the instruction renders it constitutionally invalid.

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. The trial court in this case concluded that the petitioner already filed a prior petition which was denied, and, therefore, properly dismissed the petition.

Nevertheless, the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217. The petitioner is apparently relying upon Victor v. Nebraska and Sandoval v. California, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), as establishing a constitutional right that was not recognized at the time he filed his first petition. However, more than one year passed between the ruling in Victor and Sandoval and the filing of the petitioner's second petition. § 40-30-217(a)(1). And contrary to the petitioner's claim, the United States Supreme Court did not hold unconstitutional the language of the alleged reasonable doubt instruction at issue here. Moreover, as the trial court correctly noted, the courts of this state have continually upheld the constitutionality of instructions with similar language. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994); Smith v. State, No. 02C01-9511-CR-00342 (Tenn. Crim. App., Apr. 28, 1997).

It is, therefore, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals, is granted, and the judgment of the trial court is hereby affirmed.

Enter, this the ____ day of August, 1997.

2

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE