# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1997

**FILED**

January 27, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **MONROE BROWN,** | ) | **C.C.A. NO. 01C01-9607-CR-00305** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. THOMAS H. SHRIVER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post Conviction-Relief)** |

FOR THE APPELLANT:

DAVID I. KOMISAR
211 Printer's Alley Bldg.
Ste. 400
Nashville, TN 37201-1414

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

PAM ANDERSON
Assistant District Attorney
222 Second Avenue, North
Suite 500
Nashville, TN 37243

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

A Davidson County Criminal Court jury found Appellant Monroe Brown guilty of one count of second degree murder. As a Range II persistent offender, he received a life sentence in the Tennessee Department of Corrections. In this appeal, Appellant presents the following issue for review: whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On March 31, 1987, this Court affirmed Appellant's conviction. State v. Monroe Brown, No. 86-221-III, Davidson County (Tenn. Crim. App., Nashville, March 31, 1987), perm. to appeal denied, (Tenn. 1987). On July 3, 1991, Appellant filed his first petition for post-conviction relief. The trial court dismissed this petition, concluding that the petition was barred by the statute of limitations. We affirmed the trial court's decision. Monroe Brown v. State, C.C.A. No. 01C01-9112-CR-00367, Davidson County (Tenn. Crim. App., Nashville, August 6, 1992), perm. to appeal denied, (Tenn. 1992). Appellant filed two amended petitions for post-conviction relief on November 17, 1995. On February 9, 1996, the trial court denied both petitions.

Tennessee law is well-settled in this area. Pursuant to Tenn. Code Ann. § 40-30-102 (1990, Repl.), the statute of limitations for the filing of a petition for post-conviction relief began to run on June 8, 1987 and ended three years later on June 8, 1990. Appellant's contention concerning the reasonable doubt jury instruction allegedly given in his case does not fall within any rule of law which would toll the running of the statute of limitations. Moreover, a jury instruction similar to the one about which Appellant complains was approved by this Court in Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994).

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE