# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998

**FILED**

**February 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FRANKLIN E. HARRIS, JR.,    )
    )    No. 02C01-9701-CR-00003
    Appellant    )
    )    SHELBY COUNTY
vs.    )
    )    Hon. BERNIE WEINMAN, Judge
STATE OF TENNESSEE,    )
    )    (Post-Conviction)
    Appellee    )

For the Appellant:

**Walker Gwinn**
Asst. Public Defender
201 Poplar - Suite 2-01
Memphis, TN  38103

**A. C. Wharton**
District Public Defender

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Deborah A. Tullis**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**P. T. Hoover**
Asst. District Attorney General
Criminal Justice Complex
Suite 301, 201 Poplar Street
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, Franklin E. Harris, Jr., appeals the denial of his petition for post-conviction relief by the Shelby County Criminal Court. He is currently serving an effective sentence of life plus twenty-five years in the Department of Correction for his 1993 convictions for first degree murder and attempted first degree murder. His convictions were affirmed on direct appeal to this court. See State v. Harris, No. 02C01-9308-CR-00172 (Tenn. Crim. App. at Jackson, May 25, 1994), perm. to appeal denied, (Tenn. Oct. 31, 1994). In November 1995, the appellant filed the instant petition for post-conviction relief. After a hearing on the merits, the trial court denied the post-conviction petition. In this appeal as of right, the appellant challenges the trial court's finding that trial counsel was effective. Additionally, he contends that the reasonable doubt instruction containing the terms "moral certainty" impermissibly lowered the "beyond a reasonable doubt" standard.

After a review of the issues, we affirm the decision of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

In support of his ineffective assistance of counsel claim, the appellant alleges that trial counsel (1) failed to object to the reasonable doubt instruction given by the court, (2) failed to request a jury instruction on corroboration of accomplice testimony, and (3) prejudiced the appellant by announcing during opening statements that the appellant would testify when in fact he did not testify. The trial court correctly determined that the appellant's claim involving counsel's failure to request an instruction on accomplice testimony had been previously determined on direct appeal. Tenn. Code Ann. § 40-30-206(g) (1995 Supp.). See Harris, No. 02C01-9308-CR-00172. The fact that this issue is now couched in terms of ineffective assistance of counsel is of no consequence. See Overton v. State, 874

2

S.W.2d 6, 12 (Tenn. 1994). An issue that has been previously determined on direct appeal cannot support a petition for post-conviction relief and is, therefore, excluded. See State v. Denton, 938 S.W.2d 373, 377 (Tenn. 1996); House v. State, 911 S.W.2d 705, 710 (Tenn. 1995), cert. denied, --U.S.--, 116 S.Ct. 1685 (1996). Additionally, the trial court found that trial counsel's statement regarding the appellant's intent to testify amounted to trial strategy and did not prejudice the appellant.[1] See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Finally, it is well settled in this state that the challenged instruction on reasonable doubt containing the language "moral certainty" passes constitutional muster.[2] State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994).

In a post-conviction proceeding filed after May 10, 1995, the appellant has the burden of establishing his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1995 Supp.). Moreover, the findings of fact of a trial court have the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against its judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). In the present case, the appellant has failed to carry his burden of establishing his claims. Moreover, we cannot conclude that the evidence preponderates against the trial court's findings of fact. As a result, we find no error of law requiring reversal.

The trial court's judgment is affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

---

[1]Trial counsel testified that he and the appellant had initially agreed that the appellant would testify at trial because the State was in possession of statements made by the appellant in which he admitted to the shootings. However, the State chose not to introduce the statements during its case-in-chief. Counsel and the appellant reexamined their previous position and agreed that the appellant would not testify to prevent impeachment by these statements.

[2]The fact that the appellant has couched this issue both in terms of ineffective assistance of counsel and as a substantive claim is of no consequence.

_____

DAVID G. HAYES, Judge


CONCUR:



_____

JOE B. JONES, PRESIDING JUDGE



_____

JOE G. RILEY, Judge

4