# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1997

FILED

December 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **FRANK E. ADAMS,** | ) | **C.C.A. NO. 01C01-9609-CR-00401** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. RANDALL WYATT, JR.** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

WILLIAM C. ROBERTS, JR.
Suite 1502, Parkway Towers
Nashville, TN 37219

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

KATRIN MILLER
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals the trial court's denial of his petition for post-conviction relief. He was convicted by a jury on February 14, 1991, of felony murder and two counts of aggravated robbery. He was sentenced to life imprisonment for the count of felony murder and ten (10) years for each count of aggravated robbery, all to be served consecutively for an effective sentence of life plus twenty (20) years. His motion for new trial was denied on March 15, 1991. This Court affirmed his convictions on October 29, 1992, and his application for appeal to our supreme court was denied on June 28, 1993. State v. Adams, 859 S.W.2d 359 (Tenn. Crim. App. 1992), perm. to appeal denied (Tenn. 1993). The Petitioner filed a pro se petition for post-conviction relief on October 21, 1993.

With the assistance of counsel, the Petitioner filed an amended petition on May 31, 1995. In that petition, the Petitioner alleged that counsel at trial and on appeal rendered ineffective assistance for the following reasons: (1) That trial counsel failed to investigate the whereabouts of the murder weapon; (2) that trial counsel failed to offer testimony regarding when the Petitioner was arrested; (3) that trial counsel failed to meet regularly with the Petitioner and inform him about pretrial investigations; (4) that trial counsel failed to impeach the co-defendant at trial regarding his drug use. The trial court conducted an evidentiary hearing on the petition on July 5, 1995. The trial court denied post-conviction relief in an order containing extensive findings of fact filed on July 17, 1995. After a brief hearing for additional testimony from counsel, the trial court issued a

supplemental order affirming its denial of post-conviction relief which was entered on July 27, 1995. The Petitioner filed a notice of appeal on May 13, 1996. In this appeal, the Petitioner argues that (1) Trial counsel rendered ineffective assistance; and (2) that the trial court violated the Petitioner's constitutional rights by use of an invalid jury instruction. We affirm the judgment of the trial court.

As a threshold matter, the State argues that this appeal should be dismissed because the Petitioner did not timely file his notice of appeal. The State cites Rule 4(a) of the Tennessee Rules of Appellate Procedure, which requires that the notice of appeal pursuant to Rule 3 "shall be filed with and received by the clerk of the court within 30 days after the date of entry of judgment." The trial court issued its final order on July 27, 1995 and the Petitioner filed his notice of appeal on May 13, 1996. However, Rule 4(a) also provides that the filing of a notice of appeal "may be waived in the interest of justice." Tenn. R. App. P. 4(a). While the failure to file the requisite notice of appeal rests upon the appellant, we believe it is in the interest of justice that the requirement be waived in this case. See State v. Scales, 767 S.W.2d 157 (Tenn. 1989).

In the Petitioner's first issue, he argues that trial counsel rendered ineffective assistance, thus violating his right to competent representation as guaranteed by the Sixth Amendment to the United States Constitution. In this appeal, he specifically argues that counsel failed to investigate various aspects of his case adequately and that counsel failed to attack the credibility of the co-defendant in his case adequately.

The Petitioner testified at the post-conviction hearing that counsel failed to investigate a witness who saw how the Petitioner was arrested as it related to a suppression issue prior to trial. He stated that counsel only informed him that his statements would not be suppressed, but did not elaborate on his case. He testified that counsel did not interview two of three witnesses who saw him being arrested. The Petitioner stated that counsel told him the witnesses were irrelevant. The Petitioner said he met with counsel, Karl Dean, less than ten times and met with the investigator once. The Petitioner testified that counsel provided him with the indictment, but did not provide information about the suppression hearing or the motion for new trial. The Petitioner admitted that he discussed the direction of his case with counsel.

The Petitioner stated that his first attorney was Ross Alderman, who left his position. Mike Engle was then assigned to the Petitioner, who requested a different attorney. Karl Dean and Laura Dykes then represented the Petitioner through trial. The Petitioner testified that they did not inform him regarding the evidence in his case. The Petitioner also stated that defense counsel allowed an in-court identification of him and that counsel did not explain why a pretrial lineup had not been done. He contended that counsel did not adequately cross-examine the witness regarding the identification.

The Petitioner stated that counsel did not effectively challenge inconsistent testimony regarding the details of the robberies. He also testified that counsel did not investigate or impeach the co-defendant, Mr. Crowell's, credibility by cross-examining him about prior drug use. The Petitioner stated that trial counsel did not introduce diagrams of the scene of the crime. He stated that counsel

intended to investigate the scene but that he did not know if they did. He stated that it would have been helpful if counsel prepared their own diagrams of the scene. He stated that counsel never attempted to locate the gun used in the offenses. He testified that the co-defendant was telling others while in jail that he was going to put the blame on the Petitioner. The Petitioner stated that one inmate testified. The Petitioner also testified that there was a problem with the jury instructions regarding the reasonable doubt standard and that he did not discuss with counsel the contents of the motion for new trial.

On cross-examination, the Petitioner stated that he did not remember testifying at the suppression hearing although documents presented to him indicated that he testified. He stated that he met with Ross Alderman twice, and Mike Engle four times. He admitted that he met with all counsel who represented him a total of seventeen to eighteen times, in addition to court appearances. He agreed that counsel filed a number of motions on his behalf. The Petitioner did not request that Mr. Dean be removed from his case. Counsel discussed with the Petitioner whether he should testify at trial. The Petitioner thought that counsel should have highlighted that fact that he was found with a substantial amount of coins on his person, but that the money taken in the robbery was only bills and no coins. He testified that counsel should have highlighted the co-defendant's drug use, although it was the State's theory that the robberies were perpetrated to obtain money for drugs. He stated that he told counsel to whom the gun used in the robberies was sold, but that he did not attempt to contact that person himself.

On redirect, the Petitioner testified that Jeffrey DeVasher, who represented him on appeal, did not meet with him, nor did he raise sufficiency of the evidence as an issue. Also, he felt that trial counsel did not follow up on finding the person with the gun, nor did counsel adequately try to locate a witness who heard the co-defendant bragging about the crime.

Karl Dean testified at the post-conviction hearing. He stated that he began working in the Davidson County Public Defender's office in 1983 and was elected Public Defender in 1990. He estimated that he had been involved in about one hundred criminal jury trials and that approximately half were homicide trials. Ms. Dykes had been in the office approximately three years when they represented the Petitioner. He spent approximately twenty-eight (28) hours preparing for the Petitioner's trial. The investigator was thorough and attempted to interview all of the State's witnesses, succeeded with a few, and followed up with inmates in the jail regarding the co-defendant's statements.

He attempted to investigate the location of the murder weapon, but could not verify the Petitioner's claim because he could not talk with the co-defendant. Also, the Petitioner's knowledge of the murder weapon's location was not relevant to the issue of his state of mind which was the theory presented at trial that he was not the shooter and unaware that a robbery was going to take place. He filed numerous motions on behalf of the Petitioner and treated it as a major trial. Mr. Dean and Ms. Dykes both went to the crime scene. He testified that the Petitioner was present and that he testified at the suppression hearing.

On cross-examination, Mr. Dean stated that they investigated and interviewed Mr. Zimmerman, a convenience store employee who was present during the robbery and cross-examined him regarding the facts of the case. Defense counsel also interviewed Lisa Cantrell, who was present when the Petitioner was arrested, but could not recall what efforts they undertook to interview her parents. Mr. Dean did not recall anything regarding the Petitioner's mother as a possible impeachment witness against a witness for the State. He clarified that his office spent twenty-eight hours pretrial and over fourteen during the trial on the Petitioner's case. He noted that the Petitioner never complained that defense counsel was not meeting with him enough. Mr. Dean was aware that the Petitioner and the co-defendant Crowell used drugs and that this issue came out at trial. He had no correspondence from the Petitioner regarding any complaints about his representation.

The trial court conducted a brief supplementary hearing to clarify Mr. Dean's testimony regarding the number of trials with which he had been involved. He testified that he had worked on twenty-seven homicide trials, but that the one-hundred total overestimated the actual number of all trials. He could not, however, say with certainty how many on which he had worked.

In a post-conviction proceeding under the Act applicable to this case, the petitioner must prove the allegations in the petition by a preponderance of the evidence. Davis v. State, 912 S.W.2d 689, (Tenn. 1995); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1994). In appellate review of post-conviction proceedings, the trial court's findings of fact are conclusive unless the evidence in the record preponderates against the findings. Cooper v. State, 849

S.W.2d 744, 746 (Tenn. 1993); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990).

The trial court denied the Petitioner's petition for post-conviction relief in an order containing extensive findings of fact. The trial court concluded that Mr. Dean adequately investigated the location of the murder weapon when considering the defense's theory about the Petitioner's involvement in the crime. The trial court considered that the murder weapon was "not a critical element for the petitioner's defense." The trial court also addressed the Petitioner's contention that defense counsel failed to investigate the case adequately. Mr. Dean testified that their investigator conducted a thorough investigation, and that they explored the statements made by the co-defendant and investigated the crime scene. The office spent twenty-eight hours or more on the case. Regarding Mr. Dean's lack of interest in the case, the trial court cited fifteen motions made to the court on the Petitioner's behalf. The trial court concluded that the issue was without merit.

The trial court also noted that defense counsel met with the Petitioner between ten and seventeen times, and on the day before the suppression hearing and the motion for new trial. The court also noted that the Petitioner never complained regarding the frequency of the meetings.

The trial court also found that counsel's failure to interview Lisa Cantrell's parents did not overcome the presumption that Mr. Dean's decision was trial strategy. The trial judge also noted that evidence refuted the claim that the Petitioner was not present at the suppression hearing. Also, the court found that

counsel legitimately did not introduce evidence of the co-defendant Crowell's drug use because he felt there had been sufficient testimony presented by the State. The court found the challenge to the representation on appeal to be meritless. In its conclusion, the trial court found that Mr. Dean and Ms. Dykes had significant trial experience and that they were well-prepared for the trial. As a result, their representation was well within the necessary range of competence for criminal defense attorneys.

The Petitioner argues that the trial court erred by denying his petition. In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

After a careful consideration of the record, we cannot conclude that the evidence preponderates against the trial court's determination that the Petitioner received competent representation from the attorneys involved in the preparation and trying of his case. Indeed, the trial judge was in a far better position to assess the credibility of the witnesses. Furthermore, as the trial court concluded, there is not sufficient evidence that the decisions or lack of action complained of by the Petitioner constituted error. Therefore, we agree that the trial court properly denied the petition.

As his final issue in this appeal, the Petitioner contends that the instruction submitted to the jury regarding reasonable doubt was constitutionally insufficient and a violation of due process. At the outset, we note that the Petitioner did not address this issue until this appeal. Although he briefly alluded to the issue during his testimony at the post-conviction hearing, neither the original pro se petition nor the amended petition contained this issue. Furthermore, the trial court did not address the issue in its order nor has the Petitioner alleged any reason why a waiver would not apply. See Tenn. Code Ann. § 40-30-206(g). However, even if we were to address the issue, we would conclude that it had no merit.

The Petitioner contends that the jury instruction that was issued misstates the necessary standard of beyond a reasonable doubt. We note that the Petitioner has not included the record containing the jury instructions, however, he alleges that the instruction stated that:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every element of proof necessary to constitute the offense.

The Tennessee Supreme Court has recently affirmed and incorporated in its opinion excerpts of this Court's opinion regarding the identical language for the reasonable doubt instruction and concluding that no due process violation occurred. State v. Bush, 942 S.W.2d 489, 520-21 (Tenn. 1997); see also State v. Sexton, 917 S.W.2d 263 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994); Terry Shannon Kimery v. State, C.C.A. No. 03C01-9512-CC-00412, Greene County (Tenn. Crim. App, Knoxville, Jan. 28, 1997), perm. to appeal denied (Tenn. 1997). Therefore, we conclude that this issue is without merit.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JOSEPH M. TIPTON, JUDGE