# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1996 SESSION

FILED

August 1, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **CHESTER RAY HALL,** | ) | |
| | ) | **C.C.A. NO. 01C01-9510-CV-00339** |
| Appellant, | ) | |
| | ) | **HICKMAN COUNTY** |
| VS. | ) | |
| | ) | **HON. CORNELIA A. CLARK,** |
| **DAVID MILLS, WARDEN,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

FOR THE APPELLANT:           FOR THE APPELLEE:


**CHESTER RAY HALL, PRO SE**      **CHARLES W. BURSON**
Turney Center, Unit 4          Attorney General & Reporter
Route 1
Only, TN 37140-9709         **CYRIL V. FRASER**
                        Attorney for the State
                        450 James Robertson Pkwy.
                        Nashville, TN  37243-0493

                        **JOE D. BAUGH**
                        District Attorney General

                        **RONALD DAVIS**
                        Asst. District Attorney General
                        P. O. Box 937
                        Franklin, TN 37065

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

The petitioner, an inmate with the Department of Correction, was convicted on ten charges of armed robbery. He filed a petition for a writ of habeas corpus pursuant to T.C.A. § 29-21-101 in which he claimed his convictions and sentences are void. The petition was dismissed without an evidentiary hearing.

In this appeal as of right, the petitioner presents two issues for review. First, he contends that the trial court erred in dismissing the petition, and second, that he was denied effective assistance of counsel on direct appeal. After consideration of the record in this cause, we find the petitioner's complaints to be without merit and affirm the trial court's action.

The petitioner asserts in his petition that his convictions and sentences are void because they are not based upon proof beyond a reasonable doubt as a result of an improper jury charge defining reasonable doubt as being doubt "to a moral certainty." He asserts that the allegedly incorrect instruction deprived the trial court of its jurisdiction, making his convictions and sentences void. He also asserts that he received ineffective assistance of counsel on appeal because his counsel failed to raise as an issue the improper jury charge concerning reasonable doubt.

A motion to dismiss the petition was filed by the State. This motion asserted that the court lacked subject-matter jurisdiction because the petitioner's sentence has not expired nor is his conviction void. The trial court granted the State's motion to dismiss and the petitioner appeals from that order.

In his first issue the petitioner contends that the trial court erred in dismissing his petition for habeas corpus relief. In order for a court to issue a writ of

habeas corpus, the petitioner's sentence must have expired and/or the conviction must be void and the petitioner eligible for immediate release. In Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), this Court outlined the circumstances under which habeas corpus relief is available:

> It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief. In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired.... If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

Passarella, 891 S.W.2d at 626-27.

The petitioner's sentence has not expired as his petition shows on its face. He does, however, argue that his conviction is void because the jury instruction given on "reasonable doubt" was unconstitutional in that it allowed the jury to convict him by a standard lower than that required by law. The jury instruction given at trial on "reasonable doubt" was as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible, or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense.

The petitioner argues that because of the improper jury instruction given, he was not found guilty "beyond a reasonable doubt" and that his convictions are void and therefore may be attacked by a petition for a writ of habeas corpus. We do not agree.

3

This Court has previously held that such an instruction is not improper.  See Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994).  Also, this Court has held that even if the jury instruction was erroneous, it would result in a voidable judgment and not a void judgment.  See Willie Edward Thornton v. Raney, No. 02C01-9302-CC-00025, Lauderdale County (Tenn. Crim. App. Filed January 26, 1994, at Jackson).

In his other issue the petitioner asserts that he was denied the effective assistance of counsel on appeal.  This issue is also without merit as this, even if true, again would result in a voidable judgment, making it an issue to be raised in a post-conviction petition, not a petition for writ of habeas corpus.  See Gene Voss v. Fred Raney, No. 02C01-9501-CC-00022, Lauderdale County (Tenn. Crim. App. filed August 2, 1995, at Jackson).

Finding the action of the trial court dismissing the petition to be appropriate, the judgment of that court is affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
WILLIAM M. BARKER, Judge