**STATE of Tennessee, Appellee,**

v.

**James Dean SEXTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 29, 1995.

No Permission to Appeal Applied for to the Supreme Court.

J.D. Hickman, Kingsport, for appellant.

Charles W. Burson, Attorney General and Reporter, Michelle L. Lehmann, Counsel for the State, Criminal Justice Division, Nash-ville, Phyllis Miller, Asst. District Attorney General, Blountville, for appellee.

## OPINION

WADE, Judge.

The defendant, James Sexton, was convicted for aggravated burglary. The trial court imposed a Range II, nine-year sentence. The defendant challenges the sufficiency of the evidence and complains that certain of the jury instructions were erroneous.

We affirm the judgment.

On November 30, 1993, a burglary occurred at the Rex and Ruth Wagers' residence located in a cul-de-sac at 133 Lancaster in Kingsport. The victims left their house between 4:30 and 5:30 P.M. Ms. Wagers returned at about 9:15 P.M. and noticed a tan and brown Buick Regal, Virginia license number AEG101, parked directly in front of her house. The occupant had a big head or bushy hair and appeared to be heavy set. Because this was an unusual occurrence, she drove by the car and turned back down the street. She circled in this manner three times before finally pulling into her driveway. At that point, Ms. Wagers saw that a wreath and a screen were missing from the exterior of a window.

Ms. Wagers then drove to the residence of a neighbor, Mark Winkles. He followed Ms. Wagers back to her house. The Buick was gone. When they walked toward the Wagers' residence, a man opened the door, saw them, and ran back inside.

As Ms. Wagers went to another neighbor's house to call 911, Winkles stood guard outside the residence. When she returned, Winkles pointed out a car driving very slowly on the lower streets in the subdivision. Because Ms. Wagers thought it was the same vehicle she had seen earlier, she drove her car near enough to verify the license number. About that time, a deputy sheriff arrived. Ms. Wagers flashed her lights to get his attention and led him to her residence.

When more police arrived, two of the officers and a police dog went inside and found the burglar in the garage. The burglar iden-

tified himself as Scott Hassle and referred to the other driver as "Heavy."

A television and a VCR were in the floor near the front door. The bedrooms had been ransacked and Ms. Wagers' jewelry box had been emptied onto her bed. The picture window in the living room had been broken and unlocked.

Roger Addington, an LPN from Virginia who was assisting in the care of the defendant's neighbor, had loaned his grandmother's Buick Regal to the defendant and a man named Scott. At trial, Addington testified that the defendant was alone when he returned the car keys at about 10:30 P.M. When he returned to Virginia the next morning, he learned that the police were asking about the car. Addington testified that the defendant's nickname was "Heavy Duty."

## I

■ While the defendant conceded that Scott Hassle committed an aggravated burglary, he claims that there was insufficient evidence to establish his criminal responsibility for Hassle's conduct. *See* Tenn.Code Ann. §§ 39–11–401 and 39–11–402(2).

■ On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as triers of fact. *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn.Crim.App.1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983), *cert. denied*, 465 U.S. 1073, 104 S.Ct. 1429, 79 L.Ed.2d 753 (1984); Tenn.R.App.P. 13(e).

■ We are also guided in our review by other well-established principles. A crime may be established by the use of circumstantial evidence only. *State v. Tharpe*, 726 S.W.2d 896, 899–900 (Tenn.1987); *Marable v.*

*State*, 203 Tenn. 440, 451–52, 313 S.W.2d 451, 457 (1958). Before, however, an accused may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude [beyond a reasonable doubt] every other reasonable hypothesis save the guilt of the defendant." *State v. Crawford*, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). "A web of guilt must be woven around the defendant … from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Id.* at 484, 470 S.W.2d at 613.

One may be "criminally responsible for an offense committed by the conduct of another if … [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, [he] solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn.Code Ann. § 39–11–402(2). In our view, the state met its burden of proof. The victim positively identified the car that the defendant had borrowed on the night of the burglary. Prior to the burglary, the defendant told Addington that he and "Scott" needed to go out. When he returned, however, he was alone and claimed that Scott had gone for a walk. Hassle told officers that "Heavy" was involved in the burglary. The defendant's nickname is "Heavy Duty." Ms. Wagers testified that the defendant met the same general description of the man in the car that night. These circumstances established the sufficiency of the evidence.

## II

■ The defendant next contends that the jury instruction equating "beyond a reasonable doubt" with "a moral certainty" violated his due process rights under the new standard set forth in *Victor v. Nebraska* and *Sandoval v. California*, —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). In response, the state asserts that the defendant waived the issue by failing to object to the instruction and by failing to present the issue in his motion for new trial.

Typically, an issue not included as a ground for relief in the motion for new trial is considered waived. Tenn.R.App.P. 3(e); *State v. McPherson*, 882 S.W.2d 365, 375 (Tenn.Crim.App.1994). Nevertheless, the defendant would not prevail on the merits of the claim.

In *Victor*, the United States Supreme Court ruled that the phrase "moral certainty may have lost its historical meaning" and that a modern jury might "understand it to allow conviction on proof that does not meet the beyond a reasonable doubt standard." *Victor*, —— U.S. at ——, 114 S.Ct. at 1247. It reasoned that " 'moral certainty,' standing alone, might not be recognized by modern jurors as a synonym for 'proof beyond a reasonable doubt,' " but "something less than the very high level of probability required by the Constitution in criminal cases." *Id.* Yet the court upheld the conviction in *Victor* because the jurors were told that they must have "an abiding conviction, to a moral certainty, of the truth of the charge"; the instruction "impress[ed] upon the fact finder the need to reach a subjective state of near certitude of the guilt of the accused." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979)).

Here, the trial court supplied similar language:

> The law presumes that the defendant is innocent of the charge against him. This presumption remains with the defendant throughout every stage of the trial, and it is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

> Reasonable doubt is that doubt engendered by an investigation, of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required and this certainty is required

as to every proposition of proof requisite to constitute the offense.

As did the court in *Victor*, we conclude that the instructions provided by the trial court here adequately defined the degree of doubt necessary for a not guilty verdict. On several prior occasions, our court has held that instructions similar to those given here were consistent with constitutional principles. *Pettyjohn v. State*, 885 S.W.2d 364 (Tenn. Crim.App.1994); *State v. Hallock*, 875 S.W.2d 285 (Tenn.Crim.App.1993); *see also State v. Victoria Voaden*, No. 01C01–9305–CC–00151, 1994 WL 714223 (Tenn.Crim. App., at Nashville, December 22, 1994), *perm. to appeal denied*, (Tenn.1995); *State v. Gary Lee Blank*, No. 01C01–9105–CC–00139, 1992 WL 35009 (Tenn.Crim.App., at Nashville, February 26, 1992), *perm. to appeal dismissed*, (Tenn.1992). *But see Rickman v. Dutton*, 864 F.Supp. 686 (M.D.Tenn.1994) (currently on appeal to the United States Court of Appeals for the Sixth Circuit and awaiting oral argument). In *State v. Nichols*, 877 S.W.2d 722, 734 (Tenn.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995), our supreme court upheld a conviction when the instructions contained the term "moral certainty" but also defined reasonable doubt as "that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily upon the certainty of your verdict."

There is no substantial difference in the instructions given here with those provided in *Nichols*. Thus, the claim is without merit.

Accordingly, the judgment of the trial court is affirmed.

TIPTON, J., and CORNELIA A. CLARK, Special Judge, concur.