IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

July 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY KILBURN, | ) | |
| | ) | C.C.A. No. 02C01-9608-CC-00251 |
| Appellant, | ) | |
| | ) | OBION COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

THOMAS T. WOODALL
(appeal only)
203 Murrell St.
P.O. Box 1075
Dickson, Tennessee   37056-1075

JOSEPH P. ATNIP
(at hearing & of counsel on appeal)
District Public Defender
111 Main Street
P.O. Box 734
Dresden, Tennessee  38225

JAMES D. KENDALL
(at hearing)
Assistant District Public Defender
407 Perkins St.
Union City, Tennessee   38261

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DEBORAH A. TULLIS
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee   37243-0493

THOMAS A. THOMAS
District Attorney General

JAMES T. CANNON
Assistant District Attorney General
P.O. Box 218
Union City, Tennessee 38261-0218

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

OPINION

The appellant, Billy Kilburn, appeals the denial of post-conviction relief. On August 8, 1990, the appellant was convicted of murder in the first degree. The conviction was affirmed on direct appeal. On March 20, 1996, the appellant filed his second *pro se* petition for post-conviction relief alleging 1) the "reasonable doubt" jury instruction given at his trial was unconstitutional, and 2) he received ineffective assistance of trial counsel. After appointing counsel, but without holding an evidentiary hearing, the trial court dismissed the petition. The judgment of the trial court is AFFIRMED.

## CASE HISTORY

The appellant filed his first petition for post-conviction relief on March 26, 1992, alleging ineffective assistance of counsel. The trial court found the appellant received effective assistance of counsel at his trial. This Court upheld the trial court's denial of the appellant's petition for post-conviction relief. Billy Ernest Kilburn v. State, C.C.A. No. 02C01-9403-CC-00033, Obion County (Tenn. Crim. App. filed August 3, 1994, at Jackson) *perm. to appeal denied* (Tenn. 1994).

Appellant subsequently filed a second *pro se* petition for post-conviction relief, the subject of the instant appeal. After appointing counsel, the trial court dismissed the petition finding that 1) the petition was not timely filed, 2) the issue of ineffective assistance of counsel had been either "waived or previously determined," and 3) the jury instructions given at appellant's trial were constitutionally valid.

## I. Statute of Limitations

The appellant argues that he is entitled to a post-conviction hearing because the new Post-Conviction Procedure Act extends the filing period to May 10, 1996. Under the new Post-Conviction Procedure Act, the statute of limitations for post-

2

conviction relief is reduced to one (1) year. Tenn. Code Ann. § 40-30-202 (Supp. 1996). The Act also provides for a one (1) year grace period from May 10, 1995, to file a petition or reopen a petition for post-conviction relief. However, the grace period does not apply in this instance because post-conviction relief was already barred by the statute of limitations when the new legislation was enacted. When this Court affirmed petitioner's original conviction on August 28, 1991, petitioner's conviction became final. Therefore, his claim was in existence prior to enactment of the new Post-Conviction Procedure Act and expired August 28, 1994. Tenn. Code Ann. § 40-30-102 (repealed by 1995 Tenn. Pub. Act 207, § 1).

The new Post-Conviction Procedure Act was not meant to revive previously barred claims. See Jimmy Earl Lofton v. State, C.C.A. No. 02C01-9603-CR-00073, Shelby County (Tenn. Crim. App. filed March 7, 1997, at Jackson); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App. filed February 12, 1997, at Nashville); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App. filed December 2, 1996, at Jackson). The majority of this Court is no longer following Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App. filed July 11, 1996, at Knoxville). Accordingly, this issue is without merit.

## II. Ineffective Assistance of Counsel

The appellant raised the issue of ineffective assistance of counsel in his first post-conviction petition and was given a full evidentiary hearing. He specifically alleged that trial counsel 1) did not properly advise him whether to testify in his own behalf, 2) unfairly prejudiced his case through remarks made during opening statement, 3) was ineffective in examining witnesses, 4) prejudiced and alienated the jury by his actions during the course of the trial, and 5) was ineffective in not perfecting an appeal to the Tennessee Supreme Court. The trial court denied relief, and this Court affirmed.

Petitioner subsequently filed the instant petition alleging ineffective assistance of counsel. The trial court dismissed the petition without an evidentiary hearing finding the issues had been either "waived or previously determined." The record does not preponderate against this finding. Moreover, a ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. Tenn. Code Ann. §40-30-206(h)(Supp. 1996); House v. State, 911 S.W.2d 705, 711 (Tenn. 1995). Accordingly, this issue was previously determined and is without merit.

### III. Jury Charge

The appellant argues the jury instruction defining "reasonable doubt" violates due process by lowering the burden on the state to prove guilt.

Our courts have repeatedly held that using the phrase "moral certainty" in conjunction with an instruction that "reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt" is a valid instruction on reasonable doubt. Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993). The record reflects the jury charge was given with the above instruction pertaining to reasonable doubt.

Furthermore, this issue has been waived. A ground for relief is waived if the petitioner personally or through an attorney fails to raise it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. Tenn. Code Ann. §40-30-206 (g)(Supp. 1996). The petitioner has waived this issue by failing to include it in his first post-conviction petition. Accordingly, this issue is without merit.

4

The judgment is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE

5