# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY SESSION, 1997

FILED

September 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BOBBY LEE JEFFRIES,** | ) | C.C.A. NO. 02C01-9607-CR-00216 |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:

**BOBBY LEE JEFFRIES, pro se**
Inmate #84191
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN  38041-1000

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**JOHN W. PIEROTTI**
District Attorney General

**DAVID HENRY**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Bobby Lee Jeffries, appeals the order of the Shelby County Criminal Court dismissing his *pro se* petition for post-conviction relief. The trial court found that his petition was filed outside the statute of limitations, and failed to state a claim upon which relief could be granted. In this appeal, Petitioner raises numerous issues which can collectively be summarized as challenging the trial court's ruling that the petition for post-conviction relief is time-barred. The Petitioner's primary argument is that the Post-Conviction Procedure Act that became effective May 10, 1995, gives him a new-one year time period in which to file a Petition for Post-Conviction Relief. After a review of the record, we affirm the trial court's denial of post-conviction relief.

On November 28, 1984, Petitioner was convicted by a jury of two counts of armed robbery, was found to be a habitual criminal, and was sentenced to life imprisonment. This Court confirmed Petitioner's conviction on October 9, 1985. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on January 21, 1986.

On June 7, 1989, the United States District Court for the Western District of Tennessee granted Petitioner's petition for habeas corpus relief as to his 1984 habitual criminal conviction. His life sentence as a habitual criminal was vacated and he was resentenced by the trial court to two fifteen (15) year sentences to be served concurrently for the two armed robbery convictions. This court affirmed the trial court's judgment on February 27, 1991.

On May 1, 1996, Petitioner filed this petition for post-conviction relief with the Shelby County trial court. The trial court subsequently dismissed the petition because it was filed outside the statute of limitations and failed to state a claim upon which relief could be granted.

The record supports the trial court's finding that the petition is time- barred. In July 1986, the Tennessee Legislature enacted a three-year statute of limitations on post-conviction petitions. Tenn. Code Ann. § 40-30-102 (repealed 1995); see also Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. Nov. 28, 1994). Petitioner's convictions and sentence were effective on January 21, 1986 when the Supreme Court denied his application for permission to appeal. This would be the "final action of the highest state appellate court . . . ." Tenn. Code Ann. § 40-30-102 (repealed 1995). Under the 1986 statute, Petitioner had three years from July 1, 1986, to file a cognizable claim for post-conviction relief of the 1984 convictions. Tenn. Code Ann. § 40-30-102 (repealed 1995). Therefore, in order to prevail, Petitioner must have filed a petition by July 1, 1989 to toll the running of the statute. Furthermore, even if this Court's affirmance of Petitioner's resentencing on February 27, 1991 is deemed to be the final action of this case, Petitioner would have had to file his petition by February 27, 1994. Petitioner did not file his petition for post conviction relief until May 1, 1996, well past the three-year statute of limitations under either view. Thus, the Petitioner is barred from seeking post-conviction relief for the 1984 convictions.

The Tennessee Supreme Court recently rejected Petitioner's argument that the new Post-Conviction Procedure Act, effective May 10, 1995, grants an

additional one-year period, until May 10, 1996, to file a post-conviction petition. Carter v. State, __S.W.2d__, No. 03-S-01-9612-CR-00117, Monroe County, (Tenn., at Knoxville, Sept. 8, 1997); see also Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). In that case, our supreme court held that the new act "is not intended to revive claims that were barred by the previous statute of limitations. We agree with the view that the statute was intended to restrict the time and opportunity to seek post-conviction relief. Clearly, this purpose is not served by a statutory construction that allows additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations." Carter, __S.W.2d__, No. 03-S-01-9612-CR-00117, slip op. at 7. Therefore, "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Id. at 2.

If Petitioner had any claims he wished to present in a post-conviction cause of action, they expired on July 1, 1989 for the 1984 convictions, or in the alternative, on February 27, 1994. After either of those dates, Petitioner no longer had a claim under either the old or the new act. Under the authority cited above, the 1995 Act will not revive a claim which is already time-barred.

Even if the petition was not barred by the statute of limitations, the sole substantive issue presented by Petitioner would be without merit. In the present petition, Petitioner argues that the "reasonable doubt" jury instruction given by the trial court violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Our courts have

repeatedly held that the jury instruction challenged by Petitioner is a valid instruction on reasonable doubt.  Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993).

Accordingly, we affirm the judgment of the trial court and hold that the Petitioner's petition for post-conviction relief is time-barred by the applicable three-year statute of limitations under the 1986 Act.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOHN H. PEAY, Judge