## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## SEPTEMBER 1998 SESSION

FILED

October 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JEROME WILLIAMS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9709-CR-00441 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. J. Randall Wyatt, Jr., Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**JEROME WILLIAMS**
Pro Se
CCA/SCCC
P.O. Box 279
Clifton, TN 38425

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for the State
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**KATY NOVAK MILLER**
Asst. District Attorney General
Washington Square, Suite 500
222 Second Ave. North
Nashville, TN 37201-1649

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

<u>**OPINION**</u>

The petitioner, Jerome Williams, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. The petitioner is currently serving an effective 55 year sentence for his convictions of armed robbery and aggravated rape. <u>State v. Jerome Williams</u>, No. 86-86-III (Tenn. Crim. App., Nashville, Feb. 12, 1987). He filed an unsuccessful post-conviction petition challenging his convictions. <u>See</u> <u>Jerome Williams v. State</u>, No. 01C01-9105-CR-00152 (Tenn. Crim. App., Nashville, Nov. 14, 1991), <u>perm. app. denied</u> (Tenn. 1992). In the present action, he seeks to reopen his previous post-conviction action by alleging that a jury instruction given at his trial equating moral certainty with reasonable doubt violated his constitutional rights. Following a review of the record and the briefs of the parties, we affirm the trial court's dismissal of the defendant's petition.

A petitioner is entitled to bring only one post-conviction action attacking a given judgment. Tenn. Code Ann. § 40-30-202(c) (1997). However, a petitioner may seek to reopen a previously determined post-conviction action if his new claim is based upon an appellate decision establishing a new constitutional right which had not been recognized at the time of trial, provided the right is to be applied retrospectively. Tenn. Code Ann. § 40-30-217(a)(1) (1997).

In his <u>pro se</u> petition, Williams asserts that unconstitutional jury instructions were given regarding reasonable doubt and moral certainty which "allowed the conviction on less than what is required by the Due Process Clause to the United States Constitution." Furthermore, the petition sought "the application of the principles announced in [ ] <u>Rickman v. Dutton</u>, 864 F. Supp. 686 (M.D. Tenn. 1994)." Although not clearly stated in the petition, we glean that Williams' complaint is that the jury was improperly instructed on an ambiguous definition of reasonable

2

doubt which impermissibly lowered the state's burden of proof via usage of the phrases "moral certainty" and "let the mind rest easily."[1]  See Rickman v. Dutton, 864 F. Supp. 686, 708-09 (M.D. Tenn. 1994), aff'd on other grounds, 131 F.3d 1150 (6th Cir. 1997), cert. denied, --- U.S. ---, 118 S. Ct. 1826, 1827 (1998).

This court and the Tennessee Supreme Court have consistently rejected challenges to jury instructions using phraseology similar to that which we infer is the basis of Williams' complaint.  See, e.g., State v. Bush, 942 S.W.2d 489, 520-21 (Tenn.1997) (appendix), cert. denied, --- U.S. ---, 118 S. Ct. 376 (1997); State v. Nichols, 877 S.W.2d 722 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263 (Tenn. Crim. App. 1995); accord Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994) (moral certainty instructions may pass constitutional scrutiny if used with further modifying instructions that lend meaning to the phrase).  Additionally, the Sixth Circuit has cast grave doubt on the viability of the district court's ruling in Rickman by upholding the constitutionality of the reasonable doubt/moral certainty instruction given at a Tennessee death-row inmate's trial in Austin v. Bell, 126 F.3d 843, 846-47 (6th Cir. 1997), cert. denied, --- U.S. ---, 118 S. Ct. 1526, 1547 (1998).

In any event, Rickman is of no precedential value.  This court is bound by the previous rulings of the Tennessee Supreme Court despite the adverse holdings of the federal district court.  See, e.g., Sexton, 917 S.W.2d at 266.  As an inferior appellate court we are bound to follow the precedent of our state's highest

---

[1]The jury instructions do not appear in the record, although the petitioner alleged he did not have access to the record of his direct appeal.  He filed a motion that the transcript of trial be provided to him, but the motion was never ruled upon.  In light of these unique facts, we elect to excuse Williams from his Tennessee Rule of Appellate Procedure 24(g) burden of preparing a complete record which allows this court to review the issues.  See Tenn. R. App. P. 2 (suspension of rules for good cause).  We are able to do this because even if the instruction given at the petitioner's trial was identical to the one given in Rickman, no basis for relief has been stated.

3

court.  See Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976).

As a result, Williams has not established a new constitutional right which is to be retroactively applied.  Therefore, he is not entitled to reopen his post-conviction claim, and this appeal must fail.  See Tenn. Code Ann. § 40-30-217(a)(1) (1997).

Accordingly, we affirm the trial court's dismissal of the petitioner's claim.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
THOMAS T. WOODALL, JUDGE

4