# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1999 SESSION



**FILED**

**March 24, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

MICKEY CRESONG, SR.     )
     )
     Appellant,     )     C.C.A. No. 03C01-9801-CR-00003
     )
vs.     )     Sullivan County
     )
STATE OF TENNESSEE,     )     Hon. Arden L. Hill, Judge
     )
     Appellee.     )     (Post-Conviction)

FOR THE APPELLANT:

**RAYMOND C. CONKIN, JR.**
Attorney at Law
320 Cherokee Street, Suite B
Kingsport, TN 37660

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**BARRY STAUBUS and**
**TERESA MURRAY SMITH**
Assistant District Attorneys
Second Judicial District
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The petitioner, Mickey Cresong, Sr., appeals from the Sullivan County Criminal Court's order dismissing his petition for post-conviction relief. A jury convicted the petitioner of aggravated rape, a Class A felony, and the trial court imposed a $30,000 fine and a sentence of confinement for 25 years in the Department of Correction. He appealed his conviction, and this court affirmed on April 25, 1995. State v. Mickey Cresong, Sr., No. 03C01-9406-CR-00230 (Tenn. Crim. App., Knoxville, Apr. 25, 1995). On April 15, 1996, he filed a pro se petition for post-conviction relief. The trial court held a hearing on the petition on December 18, 1997. The petitioner alleges ineffective assistance of counsel in the: (1) failure to subpoena material witnesses for the defense, (2) failure to question the DNA expert witness regarding the possibility that the perpetrator was a person of Hispanic descent, (3) failure to challenge the conviction on the ground that the jury instruction on reasonable doubt was defective, and (4) failure to object to a defective indictment. Following a review of the record and the briefs of the parties, we affirm the trial court's dismissal of the petition.

The standard for determining effective assistance of counsel is "whether the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The complaining party must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 686 (1984). There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693. The reasonableness of the attorney's actions or inactions must be assessed as of the time of the conduct. Id. at 690.

First, the petitioner contends that counsel was ineffective because he

did not subpoena certain witnesses to testify for the defense at trial. Trial counsel orally moved for a continuance on the first day of the trial in order to investigate the possibility of witnesses. The trial court denied the continuance based on the finding that the defendant had not been diligent in notifying his attorney about material witnesses and based on the finding that the purported witnesses could not establish when or how the defendant received injuries to his face. On direct appeal, this court held that the trial court did not abuse its discretion in denying the continuance. State v. Mickey L. Cresong, Sr., No. 03C01-9406-CR-00230, slip op. at 6-7 (Tenn. Crim. App., Knoxville, Apr. 25, 1995).

The state contends that this issue, "including the role of petitioner's trial counsel" was raised on direct appeal. The post-conviction court held that, although the issue of the continuance was previously determined, the issue of ineffective assistance of counsel was not determined. On the issue of assistance of counsel, the post-conviction court held that "[counsel] acted within the guidelines, and was effective." We have reviewed our opinion in State v. Mickey L. Cresong, Sr., No. 03C01-9406-CR-00230 (Tenn. Crim. App., Knoxville, Apr. 25, 1995), and find that the issue of ineffective assistance of counsel was neither raised nor determined on direct appeal. This court evaluated counsel's actions only in the context of reviewing the denial of the continuance.

On appeal, we are bound by the trial court's findings in the post-conviction hearing, unless we conclude that the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The post-conviction court held that counsel was effective. The petitioner did not present any witnesses to testify at his post-conviction hearing. Therefore, except for petitioner's testimony, we do not know what the purported witnesses would have said. "It is elementary that neither a trial judge nor an appellate court can speculate or guess

3

on the question of . . . what a witness's testimony might have been if introduced by defense counsel." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). By failing to present these witnesses at the post-conviction hearing, the petitioner failed to prove that he suffered prejudice from trial counsel's failure to subpoena certain witnesses. This issue lacks merit.

Second, the petitioner contends that counsel was ineffective because he failed to question the DNA expert witness regarding the possibility that the perpetrator was a person of Hispanic descent. The defense at trial was consensual sex. The defendant admitted having sex with the victim on the night in question. Declining to question the DNA expert witness regarding the race of the perpetrator was reasonable under these circumstances. We defer to counsel's trial strategy or tactical choices if counsel made informed decisions based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Accordingly, we agree with the post-conviction court that defense counsel was not ineffective in this regard.

Third, the petitioner contends that trial counsel was ineffective for failing to challenge the jury instruction on reasonable doubt at trial. The petitioner contends that the jury held the state to a lower standard of proof than beyond a reasonable doubt by finding him guilty via "moral certainty, not beyond a reasonable doubt." The post-conviction court upheld the jury instruction. The trial court instructed the jury as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easy as to the certainty of guilt. Reasonable doubt does not mean a captious, possible or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but proof beyond a reasonable doubt is required as to every evidentiary fact necessary to constitute the offense.

4

Most challenges to jury instructions on reasonable doubt attack the use of the phrase "moral certainty." The jury instruction in this case did not contain the phrase "moral certainty." The Tennessee Supreme Court and this court have consistently upheld the constitutionality of similar jury instructions, even when the jury instructions contained the phrase "moral certainty." See, e.g., State v. Bush, 942 S.W.2d 489, 520-521 (Tenn. 1997) (appendix), cert. denied, --- U.S. ---, 118 S.Ct. 376 (1997); State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114 (1995); Jerome Williams v. State, No. 01C01-9709-CR-00441 (Tenn. Crim. App., Nashville, Oct. 23, 1998); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995). Additionally, the United States Court of Appeals for the Sixth Circuit upheld the constitutionality of a similar reasonable doubt jury instruction which included the phrase "moral certainty." See Austin v. Bell, 126 F.3d 843, 846-47 (6th Cir. 1997), cert. denied, --- U.S. ---, 118 S.Ct. 1526, 1547 (1998).

To determine whether a jury instruction is deficient, the reviewing court must examine the charge as a whole and consider how reasonable jurors could have understood the charge as correctly conveying the concept of reasonable doubt. Victor v. Nebraska, 511 U.S. 1, 6 (1994). This particular jury charge is similar to Tennessee Pattern Jury Instruction 2.03.[1] See T.P.I.-Crim. 2.03 (4th ed. 1995). In fact, the main difference between the charge in this case and the pattern

---

[1] The pattern jury instruction reads:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense.

T.P.I.-Crim. 2.03 (4th ed. 1995) (emphasis added).

5

charge is that the pattern charge contains the phrase "moral certainty." Viewing the charge as a whole, we conclude that the jury instruction on reasonable doubt was constitutional. Counsel was not ineffective because he did not object to a constitutionally appropriate definition of reasonable doubt.

Finally, the petitioner contends that trial counsel was ineffective for failing to object to a defective indictment. Specifically, the petitioner contends that the indictment failed to allege "that the Appellant acted intentionally, knowingly or recklessly." The state contends that the indictment sufficiently alleged a mental state according to State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Likewise, the post-conviction court stated that Hill resolved this issue in favor of the state. On appeal, the petitioner has waived this issue by failing to place a copy of the indictment in the record. Tenn. R. App. P. 24.

However, even if this issue were properly preserved for review, it is without merit. According to the petitioner's brief, the indictment alleged that the petitioner "did unlawfully, feloniously and by force sexually penetrate Shirley Jones." The jury convicted the petitioner of aggravated rape. In State v. Hill, 954 S.W.2d 725 (Tenn. 1997), the Tennessee Supreme Court decided the issue of whether an indictment charging aggravated rape was sufficient without alleging a culpable mental state. The indictment in Hill stated that the defendant "did unlawfully sexually penetrate" the victim. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). The court stated:

> This statute does not specify a mental state. Thus, pursuant to Tenn.Code Ann. § 39-11-301(c), the mental element is satisfied if the indictment alleges that the defendant committed the proscribed act with intent, knowledge, or recklessness. Obviously the act for which the defendant is indicted, "unlawfully sexual penetrat[ing]". . . is committable only if the principal actor's *mens rea* is intentional, knowing, or reckless. Thus, the required mental state may be inferred from

6

> the nature of the criminal conduct alleged. Clearly, the language of the indictment provides adequate notice to both the defendant and the trial court of the offense alleged . . . .

Id. at 729 (footnote omitted) (emphasis in original). The Tennessee Supreme Court followed Hill in Ruff v. State, 978 S.W.2d 95 (Tenn. 1998). In Ruff, the indictment alleged that Billy Joe Smith "did unlawfully sexually penetrate [the victim], by forc[e]." Id. at 99. The court upheld the indictments and stated that "the culpable mental state is even more easily inferable from the present indictments because of the references to force and use of a deadly weapon." Id. at 100.

Clearly, Hill and Ruff resolve this issue against the petitioner. The indictment against the petitioner was sufficient. Counsel was not ineffective because he did not object to a constitutionally sufficient indictment against the petitioner.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOHN K. BYERS, SPECIAL JUDGE

7