IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROBERT F. TURNER, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9603-CR-00098 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Stephen M. Bevil, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert F. Turner, Pro Se
# 167179
Turney Center Annex
Route One
Only, TN 37140

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Eugene J. Honea
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox
District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Robert F. Turner, appeals as of right from the Hamilton County Criminal Court's dismissal of his second post-conviction petition without a hearing. He contends that he is entitled to post-conviction relief because the use of the term "moral certainty" in the reasonable doubt jury instruction given at his trial allowed the jury to convict him based on a lower standard of proof than is constitutionally required.

In 1983, the petitioner was convicted of aggravated kidnapping and robbery and received a sentence of forty years and five to ten years, respectively. This court affirmed his conviction. State v. Earl Allen Bailey and Robert Turner, [no number in original], Hamilton County (Tenn. Crim. App. Jan. 6, 1984). On January 10, 1996, the petitioner filed the present petition, alleging that the reasonable doubt instruction given at his trial is unconstitutional under Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990). The trial court dismissed the petition because it concluded that the jury was properly instructed on the state's burden of proof at the petitioner's trial. We agree.

The following instruction was given at the petitioner's trial:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a doubt that may arise from possibility, or an imaginary or captious doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required as to every proposition of proof requisite to constitute the offense.

This is a correct statement of the burden of proof for criminal trials in Tennessee. See Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994).

2

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
William M. Barker, Judge