# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1998 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9709-CR-00358 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT, |
| ANTONIO MORROW, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (First-Degree Murder) |

FOR THE APPELLANT:

FOR THE APPELLEE:

**BRETT B. STEIN**
236 Adams Ave.
Memphis, TN 38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DOUGLAS D. HIMES**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JERRY KITCHEN**
Asst. District Attorney General
201 Poplar St., Suite 301
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was convicted of first-degree murder and sentenced to life imprisonment. In this appeal as of right, he raises several issues:

I. Whether the trial court erred in allowing the State to read the indictment to the jury;

II. Whether the trial court correctly instructed the jury on lesser-included offenses;

III. Whether the trial court correctly instructed the jury as to the meaning of "reasonable doubt";

IV. Whether the trial court correctly instructed the jury regarding the defense of duress; and

V. Whether the trial court properly refused to instruct the jury on the defense of duress in the absence of the defense presenting evidence;

Finding no merit in the defendant's arguments, we affirm.

On the evening of November 25, 1995, a group of people, several of whom were members of a certain street gang, gathered for a party at a friend's house. During the evening, several gang members were accused of breaking the gang's code of conduct and as punishment, were beaten. Among those accused was Jason Erby, who was beaten by several male gang members, including the defendant. After the beating ceased, the defendant accompanied a group of gang members that dragged Mr. Erby from the backyard and through an alley leading to railroad tracks. Later that evening, the defendant returned to the house and stated he shot Mr. Erby. Mr. Erby's body was found in the back of a Ryder rental truck, wrapped in plastic bound with duct tape. Mr. Erby's body had multiple blunt force injuries and two gunshot wounds, including one to the back of the head, which was the cause of Mr. Erby's death. After waiving his Miranda rights, the defendant confessed to killing Mr. Erby. When asked why, the defendant responded, "I think it was peer pressure."

2

At trial, the defendant relied upon the defense of duress. On the stand, he admitted being a gang member. He stated he attended the party in question, but he denied ever beating Mr. Erby. He admitted leaving the party with the gang members who dragged Mr. Erby to the railroad tracks, but he maintained that another gang member forced him to shoot Mr. Erby by threatening to kill him. After he shot Mr. Erby, the defendant helped to wrap his body in plastic, seal it with duct tape, and place it in the rental truck. The defendant admitted that no one forced him to go to the party or remain there when the beatings began and no one prevented him from leaving until he was at the railroad tracks where he shot Mr. Erby.

The defendant first argues that the trial court erred in allowing the State to read the indictment to the jury. The defendant has failed to include a transcription of the reading of the indictment in the record on appeal. Consequently, we cannot determine whether the State merely read the indictment verbatim, which is "an appropriate and proper procedure," State v. Bane, 853 S.W.2d 483, 484 (Tenn. 1993), or whether the State made the sort of improper comments regarding an indictment admonished in State v. Onidas, 635 S.W.2d 516 (Tenn. 1982). As such, meaningful review of this issue is precluded.

The defendant next argues that the trial court erred in failing to instruct the jury on the lesser-included offenses of voluntary manslaughter and criminally negligent homicide. Where the record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error. State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994). Here, the trial court concluded, and we agree, that the record is utterly devoid of any evidence of provocation, an element essential to voluntary manslaughter. See T.C.A. § 39-13-211(a)(defining voluntary

3

manslaughter). As such, the trial court did not err in refusing to instruct the jury on voluntary manslaughter. Stephenson, 878 S.W.2d at 550. Moreover, the record does not support an instruction for criminally negligent homicide because it was undisputed that the defendant intentionally, not negligently, shot the victim. Id.; see T.C.A. 39-13-212(a)(defining criminally negligent homicide). The defendant suggests that, at the very least, the trial court should have instructed the jury that being in fear of one's life "would reduce the charge of First Degree Murder to Second Degree Murder." This contention is treated as waived because the defendant failed to present it in his motion for a new trial. T.R.A.P. 3(e).

Next, the defendant argues that the trial court improperly instructed the jury on the meaning of "reasonable doubt." The jury instruction in question reads as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily upon the certainty of guilt. Reasonable doubt does not mean a doubt that may arise from possibility. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required and this certainty is required as to every proposition of proof requisite to constitute the offense.

This instruction tracks almost identically the language of T.P.I. (Crim.) 2.03 (4th ed. 1997), the pattern jury instruction on reasonable doubt. The portion the defendant now challenges is the last sentence. However, we find no indication in the record that the defendant requested a different instruction defining "reasonable doubt" or that the defendant objected to the instruction as given.

Tennessee courts have consistently approved jury instructions patterned after T.P.I. (Crim.) 2.03. E.g., State v. Nichols, 877 S.W.2d 722 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994). In fact, this Court has encouraged the use of T.P.I. (Crim.) 2.03 over the use of the alternate pattern instruction on "reasonable doubt" found in T.P.I. (Crim.) 2.03(a). E.g., State v. Jose Holmes, 02C01-9505-CR-00154, Shelby County (Tenn. Crim.

4

App. filed December 10, 1997, at Jackson); State v. Derek Denton, C.C.A. No. 02C01-9409-CR-00186, Shelby County (Tenn. Crim. App. filed August 2, 1996, at Jackson). Moreover, the Sixth Circuit recently confirmed the constitutionality of the exact language used in the jury instruction in the instant case. Austin v. Bell, 126 F.2d 843 (6th Cir. 1997). We continue to adhere to the long tradition of authority that has found jury instructions like the one given here constitutionally sound. The defendant's argument is without merit.

The defendant next argues that in its charge to the jury, the trial court erroneously explained the defense of duress, claiming that the instruction given "makes it virtually impossible for any defendant to ever raise the defense of duress." The defendant also contends that the instruction amounted to an impermissible comment by the trial court on the facts of the case. The jury instruction in question reads, in pertinent part, as follows:

> This defense [the defense of duress] is unavailable to a person who intentionally, knowingly, or recklessly becomes involved in a situation in which it was probable that the person would be subjected to compulsion.

We find no error, let alone plain error, because the instruction as given is identical to the statutory language providing for the defense of duress, see T.C.A. § 39-11-504(b), as well as the pattern jury instruction on the defense of duress, see T.P.I. (Crim.) 40-03 (4th ed. 1997).

Finally, the defendant argues that the trial court erred in refusing to instruct the jury on the defense of duress in the absence of some proof of duress. The defendant states that the trial court essentially forced him to testify by refusing to instruct the jury on the defense of duress unless the defendant took the witness stand, whereas the defendant maintains that the defense of duress had been sufficiently raised by defense counsel's questioning of a State's witness on cross-examination.

5

From the outset, our review of the record reveals that the trial court never stated it would withhold the jury instruction unless the defendant personally testified on his own behalf at trial. Rather, the trial court reminded defense counsel at the close of the State's case that no proof of duress had been shown, and without such proof, the defendant was not entitled to an instruction on duress. The trial court's ruling in this regard was imminently correct, as the defendant is not entitled to a jury instruction on duress unless the evidence establishes and fairly raises all elements of duress. State v. Kenneth Culp, C.C.A. 02C01-9509-CC-00260, Lauderdale County (Tenn. Crim. App. filed March 7, 1997, at Jackson). Here, the record shows that no elements of duress were fairly raised during the State's presentation of proof. Thus, had the defendant not presented any proof (in any manner, not just through his own testimony), he would not have been entitled to a jury instruction on duress. Id.

The defendant argues that proof of duress was presented to the jury through a question defense counsel posed while cross-examining a State's witness. The defendant's argument is disingenuous, however, as it is fundamental that attorney's questions, comments, and arguments are not evidence. E.g., State v. Dykes, 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990).

In sum, we find no merit to any of the defendant's arguments. Accordingly, we affirm his conviction and sentence.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge

6

_____
THOMAS T. WOODALL, Judge