# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1997 SESSION

FILED

November 6, 1997

Cecil W. Crowson
Appellate Court Clerk

DONALD WAYNE EASLEY,  )
                                   )

     Appellant,  )  NO. 01C01-9609-CC-00407

                                   )

VS.  )  WILLIAMSON COUNTY

                                   )

STATE OF TENNESSEE,  )  HON. DONALD P. HARRIS,
                                   )  JUDGE

                                   )

     Appellee.  )  (Post-Conviction)

---

**FOR THE APPELLANT:**

**DONALD WAYNE EASLEY**
PRO SE
#98515
Turney Center 4B
Route 1
Only, TN 37140-9709

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Appellant, Donald Wayne Easley, appeals the denial of a motion to reopen his prior petition for post-conviction relief. The motion alleged the "reasonable doubt" jury instruction given at his 1986 trial was unconstitutional. He also alleged that the state in 1990 agreed to recommend a sentence reduction to the court in exchange for his cooperation. The trial court denied relief without a hearing, finding the motion did not state a colorable claim for relief. We affirm the judgment of the trial court.

**PROCEDURAL HISTORY**

Appellant was convicted of robbery with a deadly weapon in 1986 and sentenced to life imprisonment. This Court upheld that conviction, State v. Donald Wayne Easley, C.C.A. No. 87-75-111, Williamson County (Tenn. Crim. App. filed May 11, 1988, at Nashville), and the Tennessee Supreme Court denied permission to appeal in August 1988. Appellant filed his original petition for post-conviction relief in 1990, which was heard and denied in 1991. In May 1996, appellant filed the motion to reopen his post-conviction proceeding pursuant to Tenn. Code. Ann. § 40-30-217. That motion was denied without a hearing.

**MOTION TO REOPEN POST-CONVICTION PROCEEDING**

Tenn. Code Ann. § 40-30-217 specifies:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition **only** if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; **or**

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; **or**

(3) The claim asserted in the motion seeks relief from a sentence that

2

was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; **and**

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(emphases added).

This statute has been the source of some confusion. A careful reading will clarify its effects and limitations. The word "only" in the opening sentence shows the very narrow nature of this statute. Only those events set out in one of the first three (3) subsections qualifies as a potential basis for reopening a post-conviction proceeding. However, to ripen into a colorable claim, the ground (or grounds) alleged must also meet the standard set out in subsection (4); namely, that the facts, if true, would establish entitlement to relief.

## REASONABLE DOUBT JURY INSTRUCTION

On appeal, appellant contends the trial court erred when it dismissed his motion to reopen without first appointing counsel and conducting an evidentiary hearing. His motion to reopen claimed a new constitutional right not recognized at the time of the first post-conviction proceeding, specifically, that the "reasonable doubt" jury instruction given at his trial had since been declared unconstitutional.

Appellant relies upon the federal district court opinion in Rickman v. Dutton, 864 F. Supp. 686 (M. D. Tenn. 1994). Tenn. Code Ann. § 40-30-217(a)(1) specifically sets out the only two courts that may establish new constitutional rights cognizable in a motion to reopen: the highest state appellate court or the United States Supreme Court. A federal district court is not included.

Furthermore, the challenged "reasonable doubt" instruction is the same instruction that has consistently been held to be constitutional by the appellate courts in this State. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885

3

S.W.2d 364, 366 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993).

This issue is without merit.

## NONPERFORMANCE BY STATE

Appellant also contends that he has grounds to have his sentence set aside pursuant to Tenn. Code Ann. § 40-30-217(a)(4). This section does not enumerate a ground for reopening a post-conviction proceeding. This section prescribes the burden of proof applicable to the grounds which are specified in the preceding three (3) subsections. Appellant contends that the state, in 1990, promised to recommend a reduction of sentence to the trial court in exchange for his cooperation. He claims he performed his part of the bargain, but the state did not. Even if the facts were proved by clear and convincing evidence, this is not one of the grounds enumerated in Tenn. Code. Ann. § 40-30-217(a)(1), (2), or (3).

## CONCLUSION

Appellant did not allege a cognizable ground to reopen his first petition for post-conviction relief; therefore, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

4

_____

**JOE B. JONES, PRESIDING JUDGE**



_____

**WILLIAM M. BARKER, JUDGE**