# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

March 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **RICKY J. SUMMERS,** | ) | **C.C.A. NO. 01C01-9708-CC-00323** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **FRANKLIN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | **)** | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF FRANKLIN COUNTY

<u>FOR THE APPELLANT</u>:

RICKY SUMMERS
Pro Se
MCRCF
Wartburg, TN 37887

<u>FOR THE APPELLEE</u>:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

J. MICHAEL TAYLOR
District Attorney General

STEVEN M. BLOUNT
Assistant District Attorney General
324 Dinah Shore Boulevard
Winchester, TN 37398

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Ricky J. Summers, appeals the trial court's order dismissing his petition for post-conviction relief. On August 23, 1985, the Circuit Court for Franklin County found Defendant guilty of first degree premeditated murder following a jury trial. This Court affirmed his conviction, <u>State v. Ricky Summers</u>, No. 85-328-III, 1987 WL 16398 (Tenn. Crim. App., Nashville, Sept. 4, 1987), and the Tennessee Supreme Court denied permission to appeal. Defendant filed a timely petition for post-conviction relief on August 28, 1990, which was not heard by the trial court until March 26, 1997. The trial court denied relief, a decision that Defendant now appeals.

By addendum to his original petition, Defendant argues fifteen assignments of error. These points may be classified as either errors by the trial court or errors by trial counsel. We find that the alleged errors by the trial court—the first nine—have been waived in this Court because of Defendant's failure to bring them on direct appeal. Tenn. Code Ann. § 40-30-111, -112 (repealed and replaced by § 40-30-206(g)).

The last five assignments of error charge Defendant's trial attorneys with ineffective assistance of counsel. Specifically, Defendant contends that his trial counsel performed below the standard of competent criminal defense attorneys by: (1) failing to subpoena witnesses and ensure their presence in court for trial, (2) failing to raise the defense of intoxication, (3) failing to raise the issue of mental defect or to seek a competency hearing as to Defendant's capability to

form necessary elements of the offense, (4) failing to object to unconstitutional jury instructions, and (5) failing to move for judgment of acquittal at the close of the State's proof.

To be entitled to post-conviction relief on the basis of ineffective assistance of counsel, Defendant must show that his counsel's representation was "deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, counsel's performance is not deficient when "the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The second prong requires Defendant to show a reasonable probability that the result of the trial would have been different but for the deficient representation. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

With respect to rationalization of attorney conduct in an ineffective assistance of counsel case, the Strickland Court instructed,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 688.

## I. FAILING TO SUBPOENA WITNESSES

Defendant first alleges that he was "forced to trial without having his witnesses present" in violation of his right to due process. According to the record of the evidentiary hearing, Defendant informed his trial counsel prior to trial about several witnesses who he claims were eyewitnesses to the crime. He testified that he requested the presence of those witnesses at trial and that the witnesses were present on one date. However, the trial apparently did not begin on that day and was instead rescheduled. Although subpoenas were re-issued, they apparently were never served, and trial commenced as re-scheduled.

If afforded a post-conviction evidentiary hearing by the trial court, a petitioner must do more than merely present evidence tending to show incompetent representation and prejudice; the petitioner must prove factual allegations by a preponderance of the evidence. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1974) (superseded by § 40-30-210(f) (requiring clear and convincing evidence)). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding on this Court unless the evidence preponderates against them. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citing Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990)).

As noted by this Court in Black v. State, 794 S.W.2d 752 (Tenn. Crim. App. 1990),

> [w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of the defense, these witnesses should be presented by the petitioner at the evidentiary hearing. As a general rule, this is the only way the petitioner can establish that . . . a known witness was not interviewed, . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical

evidence which inured to the prejudice of the petitioner. It is elementary that neither a trial court nor an appellate court can speculate or guess on the question of . . . what a witness's testimony might have been if introduced by defense counsel. The same is true regarding the failure to call a known witness. In short, if a petitioner is able to establish that defense counsel was deficient in the investigation of the facts or calling a known witness, the petitioner is not entitled to relief from his conviction on this ground unless he can produce a material witness who (a) could have been found by reasonable investigation and (b) would have testified favorably in support of the defense if called.

Id. at 757-58 (emphasis added) (footnote omitted). Defendant failed to present at his evidentiary hearing the witnesses he contends should have testified at his trial, and he testified that he cannot now recall the names of these witnesses. Under these circumstances, this Court is constrained to deny relief.

## II. FAILING TO RAISE DEFENSE OF INTOXICATION

Defendant provides no argument on this issue in his brief. However, a portion of the post-conviction evidentiary hearing was dedicated to the subject, and the trial court found as follows:

It is apparent from the trial transcript and the testimony of counsel at the hearing, a deliberate strategic decision was made at trial not to stress intoxication of the defendant. The defense was that the petitioner did not commit the crime, not that he could not remember the events because of intoxication or that he could not form a culpable mental state because of intoxication. Given the strategy of the defense, amplifying the issue of intoxication likely could have been counter-productive by damaging the credibility of the defendant. The tactics adopted at trial should not now be second-guessed by hindsight.

We agree. The courts of this state have long "recognized that it is not our function to 'second-guess' tactical and strategical choices pertaining to defense matters or measure a defense attorney's representation by '20-20 hindsight' when deciding the effectiveness of trial counsel." Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

The record of the post-conviction hearing does not preponderate against the trial court's findings.

### III. FAILURE TO RAISE ISSUE OF MENTAL DEFECT OR TO SEEK COMPETENCY HEARING

Defendant again failed to support this contention in his brief; nevertheless we will address the argument as it is characterized in the transcript of the evidentiary hearing. On this issue, the trial court found,

> Both [of Defendant's trial counsel] testified at the hearing that petitioner cooperated with them fully in trial preparation and was competent. The trial transcript does not reflect any inability on petitioner's part to understand questions or communicate. Apparently, petitioner bases his need for a mental evaluation on his claim he was addicted to drugs and alcohol for many months prior to the incident. Petitioner was in jail from his arrest in March until the trial in August. Even though no credible testimony was presented at the hearing petitioner was abusing substances before incarceration to the extent he was incompetent during his jail stay or at trial, he certainly had ample time to "dry out" during his incarceration.

Defendant did not present any testimony, expert or otherwise, at the post-conviction hearing tending to prove by a preponderance of the evidence that he was not mentally competent to stand trial. The typical statement by Defendant in support of this claim is as follows: "It's hard for me to talk and to keep things on my mind. If I'm telling you a joke, I'll get right in the middle of it and forget. That's the reason there's no way that I could commit a first degree murder." The post-conviction transcript supports the finding of the post-conviction court; therefore, this issue lacks merit.

## IV. FAILURE TO OBJECT TO JURY INSTRUCTIONS

Defendant argues that his trial counsel were ineffective for failing to object to those jury instructions that, in the first part, he contended were error by the trial court. We find no ineffective assistance by Defendant's trial counsel.

### A. Definition of Malice

Defendant argues that counsel were ineffective for failing to object when the trial court omitted a definition of "malice" from the jury instructions for first degree murder. On page 1094 of the jury charge, which Defendant has appended to his response brief, we find, "For you to find the defendant guilty of murder in the first degree as charged in the first count of the indictment, the State must have proven beyond a reasonable doubt . . . that the killing was malicious, that is, that the defendant was of the state of mind to do the alleged wrongful act without legal justification or excuse." In addition, Defendant concedes that the court defined "malice" in its instruction for second degree murder. We therefore find no deficiency or prejudice.

### B. Definition of Deliberate

Defendant next argues that counsel should have objected to the allegedly incomplete definition of "deliberate" given by the trial court. According to Defendant, the trial court charged only that deliberate means "with a cool purpose." Defendant does not, however, present an alternate definition, state reasons why the charged instructed was deficient, or provide any law holding this instruction erroneous. This Court has previously held this definition to be sufficient. State v. Greg Baine, No. 03C01-9202-CR-00043, 1992 WL 151403, at *2 (Tenn. Crim. App., Knoxville, July 2, 1992) ("No special request was made

attempting to have the trial court define the term 'coolness of purpose,' and we are unable to find any error with the trial court's failure to do so.")

## C. Presumption of Malice

In this argument, Defendant asserts that his counsel should have objected to two jury instructions that allegedly shifted the burden of proof by creating a presumption of malice. The first challenged instruction reads,

> [I]f a deadly weapon is handled in a manner so as to make the killing a natural or probable result of such conduct, then there is raised an inference of malice sufficient to support a conviction for murder in the second degree unless it is rebutted by other facts and circumstances. A deadly weapon is any weapon or instrument which from the manner in which it is used or attempted to be used is likely to produce death or great bodily harm.

Because the jury convicted Defendant of first degree murder, rather than second degree murder, we find no prejudice even if failure to object constituted deficient performance of counsel.

The next instruction allegedly read as follows,

> [T]he use of a deadly weapon by a party who assaults another with intent to commit murder in the first degree raises a presumption of malice, unless rebutted by other facts and circumstances to the contrary.

We find this instruction to be constitutional under State v. Bolin, 678 S.W.2d 40 (Tenn. 1984). In Bolin, the supreme court held that this instruction did not unconstitutionally relieve the State of its burden to prove beyond a reasonable doubt each element of the offense. Id. at 44. That court stated, "The words of the presumption, the immediate context in which they appear, and the overall context of the jury instructions, remove this case from the due process trap adjudicated in Sandstrom [v. Montana, 442 U.S. 510 (1979)], in our opinion." Id.

at 42. From a survey of the jury instructions provided by Defendant in this case, we similarly find that the instruction as given did not offend due process.

Furthermore, we find that even if the instructions were erroneous, they did not have "'substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Therefore, Defendant's trial counsel did not provide ineffective assistance by failing to object to the instructions.

*D. Reasonable Doubt*

Defendant's final jury instruction argument complains that the "moral certainty" charge given by the trial court permitted the jury to find guilt on a quantum of evidence less than the constitutionally required beyond a reasonable doubt standard. He contends that he suffered ineffective assistance of counsel by his attorneys' failure to object to this instruction.

The courts of this state have consistently held this particular jury instruction to be constitutionally permissible; hence, the failure to object is not ineffective assistance of counsel. See Carter v. State, 958 S.W.2d 620 (Tenn. 1997); State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993); State v. Rodney Corley, No. 01C01-9608-CR-00336, 1997 WL 535315, at *2 (Tenn. Crim. App., Nashville, Sept. 2, 1997), perm. to appeal denied (Tenn. 1998); Kenneth Culp v. State, No. 02C01-9608-CC-00268, 1997 WL 414397, at *2-*3 (Tenn. Crim. App., Jackson, July 24, 1997); Terry Shannon Kimery v. State,

-9-

No. 03C01-9512-CC-00412, 1997 WL 31143, at *4-*5 (Tenn. Crim. App., Knoxville, Jan. 28, 1997), perm. to appeal denied (Tenn. 1997).

## V. JUDGMENT OF ACQUITTAL

Finally, Defendant argues that his counsel were ineffective for failing to move for a judgment of acquittal at the close of the State's proof. The post-conviction court found that "[i]n light of the evidence at trial, petitioner suffered no prejudice" by counsel's action. In addition, the court stated, "There was ample evidence to support a finding petitioner killed the victim in a malicious, premeditated, and deliberate fashion."

In order to conclude that Defendant suffered ineffective assistance of counsel due to a failure by counsel to move for judgment of acquittal, this Court must find that the evidence was not sufficient to support the jury's verdict. This we decline to do, because the issue has been previously determined. See State v. Ricky Summers, No. 85-328-III, 1987 WL 16398, at *4-*7 (Tenn. Crim. App., Nashville, Sept. 4, 1987). This issue lacks merit.

Because we conclude that none of Defendant's issues require reversal of his conviction, we affirm the judgment of the trial court dismissing his petition for post-conviction relief.

_____
DAVID H. WELLES, JUDGE

-10-

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE